1  **HAHN LOESER & PARKS LLP**
2  Michael J. Gleason (SBN 279434)
   *mgleason@hahnlaw.com*
3  One America Plaza
   600 West Broadway, Suite 1500
4  San Diego, CA 92101-3384
5  Telephone: 619.810.4300
   Facsimile: 619.810.4301
6
7  Steven A. Goldfarb (admitted *pro hac vice*)
   *sagoldfarb@hahnlaw.com*
8  Derek E. Diaz (admitted *pro hac vice*)
   *ddiaz@hahnlaw.com*
9  Kelly A. Kosek (admitted *pro hac vice*)
   *kkosek@hahnlaw.com*
10 200 Public Square, Suite 2800
11 Cleveland, Ohio 44114-2316
   Telephone: 216.621.0150
12 Facsimile: 216.241.2824
13
   Attorneys for Defendants Fidelity National Financial,
14 Inc., Fidelity National Title Insurance Co., Commonwealth
   Land Title Co., Chicago Title Co, Ticor Title Co. of
15 California, Lawyers Title Co., Fidelity National Disclosure
16 Source, LLC, Fidelity National Home Warranty Co.
17
              **UNITED STATES DISTRICT COURT**
18            **CENTRAL DISTRICT OF CALIFORNIA**

19 MATTHIAS HILDEBRANDT,            ) Case No. SACV-12-00874 DSF (AGRx)
20 SCOTT PHILLIPS, DORSEY           )
   MCTAGGART, and WILLIAM C.        ) JUDGE DALE S. FISCHER
21 HADDON, individually and on behalf )
   of themselves and all others Similarly )
22 Situated,                        )
23                                  ) DECLARATION OF STEVE MURNIN
              Plaintiffs,           )
24      vs.                         )
25                                  )
   FIDELITY NATIONAL                )
26 FINANCIAL, INC., a Delaware      ) Complaint filed: June 1, 2012
   corporation, *et al*,            )
27                                  )
28          Defendants.             )

DECLARATION OF STEVE MURNIN

I, Steve Murnin, declare as follows:

1. I am Vice President at Fidelity National Financial, Inc. ("FNF"). I have held that position since 2002.

2. Based on my position, I have personal knowledge regarding the facts set forth in this declaration. If called as a witness, I could and would testify as follows:

3. Since starting at FNF, I have headed FNF's Integrated Technology Solutions group in Northern California. The Integrated Technology Solutions group has marketed and trained brokers and real estate service providers on the use of the web-based transaction management software known as TransactionPoint.

4. TransactionPoint allows residential real estate brokers to manage all aspects of a residential sales transaction by computer, including the placement of orders for services a broker's client will need to close a transaction, such as escrow, title, home warranty, home inspection, termite inspection and natural hazard disclosure reports.

5. After October 2011, all subsidiaries of FNF stopped making payments to real estate agents, brokers, and other service providers as part of the TransactionPoint system.

6. An agreement to stop making those payments was part of the July 8, 2011, settlement with the U.S. Department of Housing and Urban Development, which included a payment of $4.5 million.

7. FNF and its subsidiaries, which include Fidelity National Home Warranty Company ("FNHW"), have no intention of resuming the practice of making payments as part of the TransactionPoint system.

8. As Vice President of FNF in charge of the Integrated Technology Solutions, I have personal knowledge of the brokers/agents and companies with access to TransactionPoint.

2

DECLARATION OF STEVE MURNIN

9. I have reviewed the Complaint filed in the *Hildebrandt* matter and have determined that Scott Phillips's transaction, William C. Haddon's transaction, and Dorsey McTaggart's transactions could not have been processed through TransactionPoint.

10. I understand that Billy Jensen has declared that in the Phillips Transaction, the home warranty contract from FNHW was ordered by Joseph Caltabellotta. Based on a review of TransactionPoint records, Mr. Caltabellotta has never had access to the TransactionPoint system. Therefore, the FNHW home warranty contract purchased in the Phillips transaction could not have been processed through TransactionPoint.

11. Similarly, in the Phillips Transaction, the Commonwealth Land Title Company ("Commonwealth") title insurance policy was not processed through TransactionPoint. In 2006, Commonwealth was not a subsidiary of FNF, but instead was part of the Land America family of companies. In 2008, Commonwealth was acquired, from bankruptcy, by the FNF family of companies. At the time of the acquisition, Commonwealth's offices were not a part of the TransactionPoint broker systems and were only added to TransactionPoint after the acquisition by FNF. Therefore, Phillips's Commonwealth title insurance policy could not have been purchased through TransactionPoint.

12. I understand Billy Jensen has declared that in the Haddon transaction, the home warranty contract from FNHW was ordered by Jerry Watters. Based on a review of TransactionPoint records, Mr. Watters has never had access to the TransactionPoint system. Therefore, the FNHW purchased in the Haddon transaction could not have been processed through TransactionPoint.

13. In any transaction where a customer directly purchased a home warranty contract, as Dorsey McTaggart alleges she did in the *Hildebrandt* complaint, or where a customer renewed a home warranty company,

3

DECLARATION OF STEVE MURNIN

TransactionPoint would not be involved. No individual consumer had access to TransactionPoint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27 day of July, 2012 at San Jose, California.

By: _____
Steve Murnin