Michael J. Gleason, SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

[Additional Counsel Appear in Signature Block]

Attorneys for Defendants Fidelity National Financial, Inc., Fidelity National Title Insurance Co., Commonwealth Land Title Co., Chicago Title Co., Ticor Title Co. of California, Lawyers Title Co., Fidelity National Disclosure Source, LLC, and Fidelity National Home Warranty Co.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

MATTHIAS HILDEBRANDT, SCOTT PHILLIPS, DORSEY MCTAGGART, and WILLIAM C. HADDON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al.*,

Defendants.

Case No. SACV12-00874-DSF (AGRx)

JUDGE DALE S. FISCHER

**MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF SCOTT PHILLIPS**

**Hearing Date: September 24, 2012**
**Hearing Time: 1:30 p.m.**

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 3

- A. Phillips's Transaction ........ 3
- B. The Alleged Inflation of Fees for Settlement Services ........ 4

LAW AND ARGUMENT ........ 5

- I. UNDER CIVIL RULE 12(B)(1), PHILLIPS LACKS ARTICLE III AND STATUTORY STANDING TO ASSERT RESPA AND UCL CLAIMS AGAINST FNHW. ........ 5
- II. PHILLIPS LACKS STANDING AND FAILS TO ALLEGE VIABLE RESPA AND UCL CLAIMS AGAINST COMMONWEALTH BASED ON THE TITLE INSURANCE POLICY FROM HIS TRANSACTION. ........ 7
  - A. Phillips's RESPA Claims Against Commonwealth Are Not Actionable ........ 7
  - B. Phillips's Claims Against Commonwealth Under the UCL Are Not Actionable. ........ 8
- III. PHILLIPS'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF FAIL ........ 11

CONCLUSION ........ 11

i

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Bassett v. Ruggles*,
No. 09-528, 2010 WL 1525554 (E.D. Cal. Apr. 15, 2010) ................................ 6

*Carias v. Lenox Fin. Mortgage Corp.*,
No. 07-83 SC, 2008 WL 397339 (N.D. Cal. Feb. 8, 2008) ................................ 6

*Chandler v. State Farm Mut. Auto Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ................................ 5

*Clingman v. Somy*,
No. 10-1834, 2011 WL 383951 (D. Nev. Feb. 3, 2011) ................................ 6

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ................................ 7

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) ................................ 5

*Lee v. Oregon*,
107 F.3d 1382 (9th Cir. 1997) ................................ 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ................................ 5

*Lyons v. First American Title Ins. Co.*,
No. C 09-4156 PJH, 2009 WL 5195866 (N.D. Cal. Dec. 22, 2009) ................ 10

*Preston v. Fidelity National Financial, Inc.*,
C.D. Cal. Case No. 11-9746 ................................ 2, 6

*Quelimane Co. v. Stewart Title Guaranty Co.*,
19 Cal. 4th 26 (1998) ................................ 9

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ................................ 5

*Walker v. Allstate Indemn. Co.*,
77 Cal. App. 4th 750 (2000) ................................ 9

ii

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

## STATUTES & OTHER AUTHORITIES

12 U.S.C. § 2607(a) .......... 7
12 U.S.C. § 2607(d)(2) .......... 1, 6, 7, 8
CAL. INS. CODE § 1860.1 .......... 9
CAL. INS. CODE § 2401.7 .......... 3, 11
CAL. INS. CODE § 12401.1 .......... 9
CAL. INS. CODE § 12401.3 .......... 9
CAL. INS. CODE § 12401.7 .......... 9
CAL. INS. CODE § 12414.26 .......... 8, 9
FED. R. CIV. P. 12(b)(1) .......... *passim*
FED. R. CIV. P. 56 .......... 6

iii

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

## INTRODUCTION

This motion to dismiss is the **second** of Defendants' three motions to dismiss. It is directed at the claims of Plaintiff **Scott Phillips**, and it is brought on behalf of the only two Defendants that had business dealings with Phillips, **Fidelity National Home Warranty Company** ("FNHW") and **Commonwealth Land Title Company** ("Commonwealth"). To avoid repetition, this motion incorporates by reference relevant portions of Defendants' other two motions.

Defendants' first motion was brought by FNHW, and it was directed to the RESPA claims of Plaintiffs Hildebrandt and Haddon and to the UCL claims of Hildebrandt and McTaggart. [*See* Memorandum in Support of FNHW's Motion to Dismiss Claims of Plaintiffs Hildebrandt, Haddon, and McTaggart ("Hildebrandt Brief").] In that motion, FNHW demonstrated with evidence in a factual challenge to subject-matter jurisdiction under Civil Rule 12(b)(1) that Hildebrandt and Haddon lack Article III and statutory standing to bring claims under RESPA. FNHW's proof shows that there were no TransactionPoint or other kickbacks, and no splitting of FNHW's fees, "involved in" their transactions. 12 U.S.C. § 2607(d)(2).

FNHW demonstrates the same facts here as to Phillips. So unless he comes forward with evidence—not allegations—that he actually purchased his home-warranty contract ("HWC") and that there was a kickback or fee-splitting involved in that purchase, then his RESPA claim against FNHW must be dismissed for lack of standing.

FNHW's first motion also demonstrated why Hildebrandt and McTaggart lack standing and fail to state a claim under the UCL. Those same arguments apply to Phillips's claims against FNHW and Commonwealth. For example, for the second cause of action alleged in the Complaint, Phillips's transaction was not

1

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

conducted through TransactionPoint, so he lacks standing to assert a claim as a member of the "TransactionPoint Class." [Complaint ¶ 80.] For the third cause of action, the claim fails either because the Complaint does not sufficiently allege the causation element required by the UCL or, alternatively, based on prudential standing principles. Finally, like the other Plaintiffs, Phillips lacks a viable underlying claim that would otherwise sustain his requests for injunctive and declaratory relief.

Phillips's case differs from that of Plaintiffs Hildebrandt, Haddon, and McTaggart in two important respects. Those differences merit consideration in a separate motion, to avoid confusion. First, like the plaintiff in the related case of *Preston v. Fidelity National Financial, Inc.*, C.D. Cal. Case No. 11-9746, Phillips was not charged and did not pay for the HWC that forms the principal basis of his claims. As a result, separate and apart from the RESPA arguments set forth in the Hildebrandt Brief, Phillips lacks Article III and statutory standing to sue based on that contract. [*See* Preston Doc. No. 78 (granting summary judgment due to lack of standing).]

The second fact distinguishing Phillips from the other Plaintiffs is his assertion of a RESPA and UCL claim against Commonwealth. He alleges that, in 2006, he purchased title insurance from Commonwealth. But in a factual challenge under Rule 12(b)(1), Defendants establish as a matter of indisputable fact, that in 2006 Commonwealth was not related to FNHW or any other Fidelity entity and was not then part of the TransactionPoint program. Also, the RESPA and UCL arguments set forth in the Hildebrandt Brief apply with equal force to Phillips's claims against Commonwealth. Moreover, Phillips's third cause of action—alleging a UCL claim based on "inflated" prices as a result of TransactionPoint payments in other people's transactions—must be dismissed

2

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME
WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S
MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

for an additional reason. California's Title Insurance Code bars claims like Phillips's, which alleges harm from "activities related to rate setting[.]" *See* CAL. INS. CODE § 2401.7.

Accordingly, the Court should dismiss Phillips's claims.

## FACTUAL BACKGROUND

### A. Phillips's Transaction.

Phillips is alleged to be a California citizen who in 2006 "purchased multiple real estate settlement services" from Defendants. [Complaint ¶ 17.] The only such services identified in the Complaint are (i) a HWC from FNHW and (ii) a title insurance policy from Commonwealth. That transaction presumably provides the basis for the RESPA and UCL claims that he asserts. [*See id*. at ¶¶ 91-122.]

Like his co-Plaintiffs, Phillips does not specifically allege that a TransactionPoint payment was made in *his* transaction. Nor is there a specific allegation that the software played any role *at all* in his transaction. In fact, TransactionPoint was not used in it.[1]

Like Preston, Phillips did not pay and was not charged for the HWC from FNHW.[2] Rather, the people from whom Phillips bought the house, the McFarlands, paid for the home warranty.[3] The McFarlands' agent selected FNHW, ordering the contract over the internet.[4] FNHW did not pay that agent,

---

[1] *See* Declaration of Billy Jensen ("Jensen Decl.") at ¶¶ 16-18; Declaration of Joseph Caltabellotta ("Caltabellotta Decl.") at ¶ 8; Declaration of Steve Murnin ("Murnin Decl.") at ¶ 11.

[2] *See* Caltabellotta Decl. at ¶¶ 5-7; *see also id*. at Exh. Nos. A, B. (HUD-1 statement and purchase agreement).

[3] *See* Caltabellotta Decl. at ¶ 7; *see also id*. at Exh. Nos. A, B. (HUD-1 statement and purchase agreement).

[4] *See* Jensen Decl. at ¶¶ 15-17.

3

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

or any entity, for the referral of business to FNHW.[5] There was no agreement to give anything of value for the referral.[6] FNHW provided the home-warranty coverage in the contract and retained the entire contract fee itself.[7]

For the Commonwealth title insurance policy at issue, TransactionPoint similarly played no role. In 2006, at the time of Phillips's transaction, Commonwealth was a competing title insurance company.[8] It was not signed up to process orders through TransactionPoint.[9] Commonwealth did not pay any entity for the referral of business to Commonwealth, and there was no agreement to give anything of value for the referral.[10] The only entities that received portions of the title insurance premium were Commonwealth and its agent.[11] Both rendered services in exchange for their respective portions of the title insurance premium.[12]

**B. The Alleged Inflation of Fees for Settlement Services.**

Like the other Plaintiffs, Phillips alleges "upon information and belief" that the fees in his transaction were "inflated due to the commissions, fees, or kickbacks paid by Defendants." [Complaint ¶ 20.] He hopes to find "evidentiary support" for that belief "after a reasonable opportunity for further investigation and discovery." [*Id.*] But apart from his allegations about TransactionPoint, he does not plead a single, substantive fact about allegedly improper payments.

Nor does he offer any details about how alleged kickbacks in *other people's* transactions could somehow increase prices in *his* transaction. Because

---

[5] *See* Caltabellotta Decl. at ¶¶ 10, 11; Jensen Decl. at ¶¶ 19, 21, 24.
[6] *See* Jensen Decl. at ¶ 20.
[7] *See* Jensen Decl. at ¶ 21.
[8] *See* Murnin Decl. at ¶ 11.
[9] *See* Murnin Decl. at ¶ 11; Declaration of Candy Church ("Church Decl.") at ¶ 4.
[10] *See* Church Decl. at ¶ 5; Declaration of Kathy Gabe ("Gabe Decl.") at ¶ 6.
[11] *See* Church Decl. at ¶ 8.
[12] *See* Church Decl. at ¶¶ 9, 10.

4

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

Commonwealth was not part of the TransactionPoint system and was not part of the Fidelity family of companies at the time of Phillips's transaction, the concept of kickbacks by Commonwealth is simply foreign to the allegations and the context of the Complaint.

## LAW AND ARGUMENT

### I. UNDER CIVIL RULE 12(B)(1), PHILLIPS LACKS ARTICLE III AND STATUTORY STANDING TO ASSERT RESPA AND UCL CLAIMS AGAINST FNHW.

For Article III standing, a plaintiff must show an injury-in-fact, a causal relationship between the alleged injury and the defendant, and redressability. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Standing "pertain[s] to federal courts' subject matter jurisdiction[.]" *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "Even named plaintiffs who represent a class must allege and show that they have personally been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976). If the class representative cannot establish standing, then the Court lacks subject-matter jurisdiction to hear the case. *Lee v. Oregon*, 107 F.3d 1382, 1390 (9th Cir. 1997).

Like Preston, Phillips never "paid for the home warranty contract[,]" so he therefore "lacks standing." [Preston Doc. No. 78, at 4.] Because Phillips has suffered no injury-in-fact at the hands of FNHW for purposes of both RESPA

5

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

and the UCL, the Court should dismiss the claims he asserts under those statutes based on the home-warranty contract.

Although the *Preston* order dealt with a summary judgment motion, that does not lead to a different result here. In *Preston*, the Court found that the facts were undisputed and dismissed Preston's claims for lack of standing at the summary-judgment stage. But when the undisputed facts show that a plaintiff lacks Article III standing, the Court also can dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). [*See* Hildebrandt Brief 4, 9-11.]

So when a defendant brings a factual challenge to subject-matter jurisdiction under Civil Rule 12(b)(1), the Court is required to apply the same summary-judgment standard that applies to Civil Rule 56—even if the jurisdictional facts are intertwined with the merits. [*See id*.] Under that standard, if the moving defendant comes forward with factual evidence, as FNHW has here, the plaintiff must come forward with affirmative evidence outside the Complaint to show that a genuine factual dispute exists. Otherwise, the plaintiff's claims must be dismissed.

Because Phillips was not the purchaser, he also lacks statutory standing under RESPA. RESPA gives standing only to a person who was "charged" for a settlement service, 12 U.S.C. § 2607(d)(2), but Phillips was not charged. *See, e.g.*, *Carias v. Lenox Fin. Mortgage Corp.*, No. 07-83 SC, 2008 WL 397339, at *3 (N.D. Cal. Feb. 8, 2008) (dismissing RESPA claim because plaintiff "was not actually 'charged'" for title insurance) (quoting 12 U.S.C. § 2607(d)(2)); *see also Clingman v. Somy*, No. 10-1834, 2011 WL 383951, at *2 (D. Nev. Feb. 3, 2011) ("Plaintiff lacks standing to make a RESPA claim because she was not the person charged with the settlement service[.]"); *Bassett v. Ruggles*, No. 09-528, 2010 WL 1525554, at *15 (E.D. Cal. Apr. 15, 2010) (finding lack of standing for RESPA claim because plaintiff 'did not sign the [mortgage] notes"). And because Phillips

6

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

lacks Article III standing, his UCL claims fail in federal court, as did Preston's, even if they might otherwise be viable in state court. *See, e.g., Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004).

Alternatively, if Phillips comes forward with evidence that he paid and was charged for the HWC, his claims still fail. There was no kickback, fee-split, referral payment, or use of TransactionPoint *in his transaction*, which deprives him of standing to sue on those grounds pursuant to 12 U.S.C. § 2607(d)(2). [*See* Hildebrandt Brief 6-11.] Also, his attempt to recover under RESPA and the UCL based on his theory of "inflated" prices resulting from allegedly illegal payments made in other people's transactions also falls short. [*See* Hildebrandt Brief 11-18.]

## II. PHILLIPS LACKS STANDING AND FAILS TO ALLEGE VIABLE RESPA AND UCL CLAIMS AGAINST COMMONWEALTH BASED ON THE TITLE INSURANCE POLICY FROM HIS TRANSACTION.

### A. Phillips's RESPA Claims Against Commonwealth Are Not Actionable.

As explained above, TransactionPoint was not used in Phillips's 2006 purchase of title insurance from Commonwealth. Indeed, TransactionPoint *could not* have been used, because in 2006 Commonwealth did not participate in TransactionPoint. Also, the only entities that received portions of the title insurance premiums—Commonwealth and its agent—both rendered services in exchange for those fees.

Therefore, there was no direct kickback or unlawful referral arrangement "involved in" Phillips's transaction. *See* 12 U.S.C. § 2607(a) (prohibiting "agreement" to give "thing of value" for business referral); § 2607(d)(2) (limiting standing to individuals whose transactions were "involved in" RESPA violation). There was also no payment to any entity except for "services actually performed."

7

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

*Id*. at § 2607(b). As a result of these factors, Phillips lacks statutory standing under RESPA to sue Commonwealth. [*See* Hildebrandt Brief 6-11.]

This is an appropriate factual challenge to subject-matter jurisdiction under Civil Rule 12(b)(1). [*See* Hildebrandt Brief 6-11.] Because Commonwealth has adduced affirmative evidence to show Phillips's lack of standing, he now must come forward with affirmative evidence outside the Complaint to show that a factual dispute exists as to whether a "kickback" or unearned fee-split was paid in his transaction. If he does not, his RESPA claim must be dismissed.

**B. Phillips's Claims Against Commonwealth Under the UCL Are Not Actionable.**

Phillips's UCL claims are the same as those of Hildebrandt and McTaggart, and Phillips is listed in the Complaint as bringing the same UCL causes of action. [Complaint ¶¶ 103-22.] Phillips's claims therefore fail for the same reasons. [*See* Hildebrandt Brief 11-18.]

Moreover**,** Phillips's third cause of action—alleging that he paid an "inflated" price for title insurance because TransactionPoint payments were made in *other people's* transactions—fails for two additional reasons.

First, the price charged to Phillips by Commonwealth could not have been "inflated" by TransactionPoint payments made elsewhere, because in 2006 Commonwealth did not participate in TransactionPoint at all and so was not making payments in other people's transactions.

Second, UCL claims alleging "inflated" prices charged by title insurers, like Commonwealth, are precluded by state law. California Insurance Code § 12414.26 provides: "No act done, action taken, or agreement made pursuant to the authority conferred by Article 5.5. . . . or Article 5.7 . . . of this chapter shall constitute a violation of . . . any other law of this state . . . which does not specifically refer to

8

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

insurance." Article 5.5 of the Title Insurance Code, Cal. Ins. Code § 12340 *et seq*., entitled "Rate Filing and Regulation," requires that title insurers file a schedule of rates with the Commissioner of Insurance. It specifies that those rates may not be "excessive" or "unreasonably high," and it prohibits title insurers from charging any rate other than the filed rate. CAL. INS. CODE §§ 12401.1, 12401.3, 12401.7. A title insurer's authority to charge a certain rate is thus mandated by Article 5.5. of the Title Insurance Code.

The California Supreme Court has recognized that § 12414.26 of the Insurance Code displaces claims under the UCL "as to title company activities related to rate setting." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 33, 77 Cal. Rptr. 2d 709 (1998). Similarly, when interpreting an exemption provision in § 1860.1 of the Insurance Code that is "almost identical" to § 12414.26, the California Court of Appeals dismissed a challenge to "excessive" insurance rates because the "charging of an approved rate cannot be deemed 'illegal' or 'unfair' for purposes of the [UCL]." *Walker v. Allstate Indemn. Co.*, 77 Cal. App. 4th 750, 756, 92 Cal. Rptr. 2d 132 (2000).

Phillips's UCL theory of "inflated" title insurance premiums is a direct challenge to Commonwealth's rates filed publicly with the Insurance Commissioner. By alleging that the rates he paid were "inflated," Phillips necessarily alleges that Commonwealth's filed rates were invalid, improperly calculated, or otherwise improperly set. "Inflated" necessarily means "excessive" or "unreasonably high," and thus a direct violation of the Rate Filing and Regulation provisions. Thus, the Complaint alleges that "the prices of Defendants' home protection contracts, title business, and other real estate settlement services were inflated during the California UCL Class Period, and were higher than they

9

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

would have been absent payment of the commissions and compensation." [Complaint ¶ 59. *See also* ¶¶ 35-36.]

*Lyons v. First American Title Ins. Co.*, No. C 09-4156 PJH, 2009 WL 5195866 (N.D. Cal. Dec. 22, 2009), is analogous on this point. Plaintiffs there alleged that a title insurer discriminated against minority homeowners by selectively applying differing refinance rates. The court explained that it made no difference (1) "that plaintiffs' grievance is stated under the guise of a discrimination claim" or (2) that "plaintiffs characterize their allegations as challenging defendant's practices in *applying*" its rates rather than setting them. *Id*. at *6. Instead, the court looked to the substance of plaintiffs' claim, which was that First American had two filed rates that were defined in a way that allegedly caused discrimination, so that what was challenged was the *existence* of First American's rates as they had been filed, and that was a challenge to rate-setting activity.

Here, the substance of the UCL claim based on "inflated" prices is that Commonwealth charged its filed rates, but those rates were improper ("excessive" or "unreasonably high") because they "included" an unlawful component: the settlement service prices "wrongly included payments for both (a) actual settlement services; and (b) payments unlawfully kicked back to agents and brokers that far exceeded the value of any services performed[.]" [Complaint ¶ 100.] This necessarily means that the rates were improperly set: Phillips's position is that the rates should have been set lower to exclude the unlawful component. The Complaint thereby improperly challenges Commonwealth's rate-setting activity.

California's Title Insurance Code prohibits title insurers from charging rates other than those that have been filed and subject to review by the Insurance

10

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

Commissioner. *See* CAL. INS. CODE § 2401.7. Thus, any alleged harm that Phillips suffered by paying "inflated" prices resulted from "activities related to rate setting" and is therefore barred.

**III. PHILLIPS'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF FAIL.**

The flaws that infect Phillips's claims for declaratory and injunctive relief are the same as those doom Hildebrandt, Haddon, and McTaggart's requests for the same relief. [*See* Hildebrandt Brief 18-22.]

## CONCLUSION

For these reasons, Phillips's claims against FNHW and Commonwealth should be dismissed.

11

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

Date: July 27, 2012

RESPECTFULLY SUBMITTED,

*/s/ Michael J. Gleason*

Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One American Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
Derek E. Diaz (admitted *pro hac vice*)
*ddiaz@hahnlaw.com*
Kelly A. Kosek (admitted *pro hac vice*)
*kkosek@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
*Mark.Schiffman@fnf.com*
FIDELITY NATIONAL LAW GROUP
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
*James.Moss@fnf.com*
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants Fidelity National Financial, Inc., Fidelity National Title Insurance Co., Commonwealth Land Title Co., Chicago Title Co., Ticor Title Co. of California, Lawyers Title Co., Fidelity National Disclosure Source, LLC, and Fidelity National Home Warranty Co.

12

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
Laurence Reza Wrathall, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Plaintiff and the Putative Classes

Date: July 27, 2012

*/s/ Michael J. Gleason*
Michael J. Gleason
Attorney for Defendants

13

MEMORANDUM IN SUPPORT OF DEFENDANTS FIDELITY NATIONAL HOME WARRANTY COMPANY AND COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF PHILLIPS

4835924