**HAHN LOESER & PARKS LLP**
Michael J. Gleason (SBN 279434)
*mgleason@hahnlaw.com*
One America Plaza
600 West Broadway, Suite 1500
San Diego, CA 92101-3384
Telephone:  619.810.4300
Facsimile:  619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
Derek E. Diaz (admitted *pro hac vice*)
*ddiaz@hahnlaw.com*
Kelly A. Kosek (admitted *pro hac vice*)
*kkosek@hahnlaw.com*
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone:  216.621.0150
Facsimile:  216.241.2824

Attorneys for Defendants Fidelity National Financial,
Inc., Fidelity National Title Insurance Co., Commonwealth
Land Title Co., Chicago Title Co, Ticor Title Co. of
California, Lawyers Title Co., Fidelity National Disclosure
Source, LLC, Fidelity National Home Warranty Co.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHIAS HILDEBRANDT, SCOTT PHILLIPS, DORSEY MCTAGGART, and WILLIAM C. HADDON, individually and on behalf of themselves and all others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al*, <br><br> Defendants. | Case No. SACV-12-00874 DSF (AGRx) <br><br> JUDGE DALE S. FISCHER <br><br> DECLARATION OF JOSEPH CALTABELLOTTA <br><br> Complaint filed:  June 1, 2012 |

I, Joseph Caltabellotta, declare as follows:

1.      I am a Realtor with Re/Max Associates in San Diego, California.  I have been doing real estate for nearly twenty years and have sold over six hundred homes.

2.      I have personal knowledge regarding the facts set forth in this declaration. If called as a witness, I could and would testify as follows.

3.      I served as the seller's real estate agent for the property bought by Scott Phillips located at ：          Redacted          . San Diego, California 92123, in a transaction that closed on or about February 22, 2006 (the "Phillips Transaction").

4.      Attached as Exhibit A is a copy of the Sales Agreement from the Phillips Transaction.  This copy is a business record that was made at or near the time by—or from information transmitted by—someone with knowledge.  This record is kept in the course of my regularly conducted business activity and maintained in my business records following the close of the Phillips Transaction.

5.      The Sales Agreement states that the seller in the Phillips Transaction would select and pay for a home warranty contract for Phillips.

6.      Attached as Exhibit B is a copy of the seller's HUD-1 in the Phillips Transaction.  This copy is a business record that was made at or near the time by—or from information transmitted by—someone with knowledge.  This record is kept in the course of my regularly conducted business activity and maintained in my business records following the close of the Phillips Transaction.

7.      The seller's HUD-1 indicates that the cost of the home warranty contract was allocated to the seller in the Phillips Transaction.

8.      I did not place the home warranty contract order through TransactionPoint.  In fact, in 2006, I did not know what TransactionPoint was.

2

DECLARATION OF JOSEPH CALTABELLOTTA

9.     I have never used TransactionPoint to order any settlement related services in any transaction.

10.     I did not receive any portion of the fees paid for the home warranty contract in the Phillips Transaction.

11.     I did not receive anything of value from FNHW in exchange for placing an order for a home warranty contract in the Phillips Transaction.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of July, 2012 at San Diego, California.

By: _____
    Joseph Caltabellotta

3

DECLARATION OF JOSEPH CALTABELLOTTA