# EXHIBIT A



**CALIFORNIA ASSOCIATION OF REALTORS®**

# CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS
For Use With Single Family Residential Property — Attached or Detached
(C.A.R. Form RPA-CA, Revised 1/06)

Date **January 24, 2006**, at _____ **San Diego** _____, California.

1. **OFFER:**
   A. THIS IS AN OFFER FROM **Justine Phillips, Scott Phillips** ("Buyer").
   B. THE REAL PROPERTY TO BE ACQUIRED is described as Redacted **San Diego Ca 92123**, Assessor's Parcel No. _____, situated in **San Diego**, County of **San Diego**, California, ("Property").
   C. THE PURCHASE PRICE offered is **Four Hundred Eighty-Five Thousand** Dollars $ **485,000.00**
   D. CLOSE OF ESCROW shall occur on **February 23, 2006** (date) (or ☐ _____ Days After Acceptance).

2. **FINANCE TERMS:** Obtaining the loans below is a contingency of this Agreement unless: (i) either 2K or 2L is checked below; or (ii) otherwise agreed in writing. Buyer shall act diligently and in good faith to obtain the designated loans. Obtaining deposit, down payment and closing costs is not a contingency. Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Buyer has given a deposit in the amount of .......................................$ **5,000.00**
      to the agent submitting the offer (or to ☐ _____), by personal check (or ☐ _____), made payable to **Southland Title & Escrow** which shall be held uncashed until Acceptance and then deposited within 3 business days after Acceptance (or ☐ _____) with Escrow Holder, (or☐ into Broker's trust account).
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of .....$ _____
      within _____ Days After Acceptance, or ☐ _____
   C. **FIRST LOAN IN THE AMOUNT OF** ...........................................................................$ **388,000.00**
      (1) NEW First Deed of Trust in favor of lender, encumbering the Property, securing a note payable at maximum interest of **7.000** % fixed rate, or **6.250** % initial adjustable rate with a maximum interest rate of _____ %, balance due in **5** years, amortized over **30** years. Buyer shall pay loan fees/points not to exceed **1%**. (These terms apply whether the designated loan is conventional, FHA or VA.)
      (2) ☐ FHA ☐ VA: (The following terms only apply to the FHA or VA loan that is checked.) Seller shall pay _____ % discount points. Seller shall pay other fees not allowed to be paid by Buyer, ☐ not to exceed $ _____. Seller shall pay the cost of lender required Repairs (including those for wood destroying pest) not otherwise provided for in this Agreement, ☐ not to exceed $ _____. (Actual loan amount may increase if mortgage insurance premiums, funding fees or closing costs are financed.)
   D. **ADDITIONAL FINANCING TERMS:** ☐ Seller financing, (C.A.R. Form SFA); ☒ secondary financing, ...........$ **48,500.00**
      (C.A.R. Form PAA, paragraph 4A); ☐ assumed financing (C.A.R. Form PAA, paragraph 4B)
   E. **BALANCE OF PURCHASE PRICE** (not including costs of obtaining loans and other closing costs) in the amount of ..$ **43,500.00**
      to be deposited with Escrow Holder within sufficient time to close escrow.
   F. **PURCHASE PRICE (TOTAL):** ..................................................................................$ **485,000.00**
   G. **LOAN APPLICATIONS:** Within 7 (or ☐ _____) Days After Acceptance, Buyer shall provide Seller a letter from lender or mortgage loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for the NEW loan specified in 2C above.
   H. **VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to 2G) shall, within 7 (or ☐ _____) Days After Acceptance, provide Seller written verification of Buyer's down payment and closing costs.
   I. **LOAN CONTINGENCY REMOVAL:** (i) Within 17 (or ☐ _____) Days After Acceptance, Buyer shall, as specified in paragraph 14, remove the loan contingency or cancel this Agreement; OR (ii) (if checked) ☐ the loan contingency shall remain in effect until the designated loans are funded.
   J. **APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (OR, if checked, ☐ is NOT) contingent upon the Property appraising at no less than the specified purchase price. If there is a loan contingency, at the time the loan contingency is removed (or, if checked, ☐ within 17 (or _____) Days After Acceptance), Buyer shall, as specified in paragraph 14B(3), remove the appraisal contingency or cancel this Agreement. If there is no loan contingency, Buyer shall, as specified in paragraph 14B(3), remove the appraisal contingency within 17 (or _____) Days After Acceptance.
   K. ☐ **NO LOAN CONTINGENCY** (If checked): Obtaining any loan in paragraphs 2C, 2D or elsewhere in this Agreement is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result Buyer does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.
   L. ☐ **ALL CASH OFFER** (If checked): No loan is needed to purchase the Property. Buyer shall, within 7 (or ☐ _____) Days After Acceptance, provide Seller written verification of sufficient funds to close this transaction.

3. **CLOSING AND OCCUPANCY:**
   A. Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.
   B. Seller-occupied or vacant property: Occupancy shall be delivered to Buyer at **5:00** ☐ AM ☒ PM, ☒ on the date of Close Of Escrow; ☐ on _____; or ☐ no later than _____ Days After Close Of Escrow. (C.A.R. Form PAA, paragraph 2.) If transfer of title and occupancy do not occur at the same time, Buyer and Seller are advised to: (i) enter into a written occupancy agreement; and (ii) consult with their insurance and legal advisors.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
RPA-CA REVISED 1/06 (PAGE 1 OF 8)

Buyer's Initials ( ___ ) ( ___ )
Seller's Initials ( ___ ) ( ___ )
Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 8)**

Agent: Jason Heisel  Phone: (619) 325-7333  Fax: (619) 325-7666  Prepared using WINForms® software
Broker: Capital Real Estate Company 1940 Market St. San Diego, CA 92102

Property Address: Redacted San Diego, Ca 92123    Date: January 24, 2006

(4) If any disclosure or notice specified in 5A(1), or subsequent or amended disclosure or notice is delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within 3 Days After delivery in person, or 5 Days After delivery by deposit in the mail, by giving written notice of cancellation to Seller or Seller's agent. (Lead Disclosures sent by mail must be sent certified mail or better.)

(5) Note to Buyer and Seller: Waiver of Statutory and Lead Disclosures is prohibited by Law.

B. **NATURAL AND ENVIRONMENTAL HAZARDS:** Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) deliver to Buyer earthquake guides (and questionnaire) and environmental hazards booklet; (ii) even if exempt from the obligation to provide a NHD, disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information required for those zones.

C. **DATA BASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

6. **CONDOMINIUM/PLANNED UNIT DEVELOPMENT DISCLOSURES:**
   A. SELLER HAS: 7 (or ☐ _____ ) Days After Acceptance to disclose to Buyer whether the Property is a condominium, or is located in a planned unit development or other common interest subdivision (C.A.R. Form SSD).
   B. If the Property is a condominium or is located in a planned unit development or other common interest subdivision, Seller has 3 (or ☐ _____ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA): (i) Copies of any documents required by Law; (ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). Seller shall itemize and deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3).

7. **CONDITIONS AFFECTING PROPERTY:**
   A. Unless otherwise agreed: (i) the Property is sold (a) in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii) the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris and personal property not included in the sale shall be removed by Close Of Escrow.
   B. SELLER SHALL, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, AND MAKE OTHER DISCLOSURES REQUIRED BY LAW (C.A.R. Form SSD).
   C. NOTE TO BUYER: You are strongly advised to conduct investigations of the entire Property in order to determine its present condition since Seller may not be aware of all defects affecting the Property or other factors that you consider important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.
   D. NOTE TO SELLER: Buyer has the right to inspect the Property and, as specified in paragraph 14B, based upon information discovered in those inspections: (i) cancel this Agreement; or (ii) request that you make Repairs or take other action.

8. **ITEMS INCLUDED AND EXCLUDED:**
   A. NOTE TO BUYER AND SELLER: Items listed as included or excluded in the MLS, flyers or marketing materials are not included in the purchase price or excluded from the sale unless specified in 8B or C.
   B. ITEMS INCLUDED IN SALE:
   (1) All EXISTING fixtures and fittings that are attached to the Property;
   (2) Existing electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, private integrated telephone systems, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water softeners, water purifiers, security systems/alarms; and
   (3) The following items: Range/oven and refrigerator
   
   (4) Seller represents that all items included in the purchase price, unless otherwise specified, are owned by Seller.
   (5) All items included shall be transferred free of liens and without Seller warranty.
   C. ITEMS EXCLUDED FROM SALE: Sellers personal property

9. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**
   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to, the right to: (i) inspect for lead-based paint and other lead-based paint hazards; (ii) inspect for wood destroying pests and organisms; (iii) review the registered sex offender database; (iv) confirm the insurability of Buyer and the Property; and (v) satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA). Without Seller's prior written consent, Buyer shall neither make nor cause to be made: (i) Invasive or destructive Buyer Investigations; or (ii) Inspections by any governmental building or zoning inspector or government employee, unless required by Law.
   B. Buyer shall complete Buyer Investigations and, as specified in paragraph 14B, remove the contingency or cancel this Agreement. Buyer shall give Seller, at no cost, complete Copies of all Buyer Investigation reports obtained by Buyer. Seller shall make the Property available for all Buyer Investigations. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

Buyer's Initials ( ___ )( ___ )
Seller's Initials ( ___ )( ___ )
Reviewed by _____ Date _____

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 3 OF 8)
CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 8)

Scott & Justin

Property Address: San Diego, Ca 92123 Redacted Date: January 24, 2006

C. Tenant-occupied property: (i) Property shall be vacant at least 5 (or ☐ _____ ) Days Prior to Close Of Escrow, unless otherwise agreed in writing. Note to Seller: if you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.
OR (ii) (if checked) ☐ Tenant to remain in possession. The attached addendum is incorporated into this Agreement (C.A.R. Form PAA, paragraph 3.);
OR (iii) (if checked) ☐ This Agreement is contingent upon Buyer and Seller entering into a written agreement regarding occupancy of the Property within the time specified in paragraph 14B(1). If no written agreement is reached within this time, either Buyer or Seller may cancel this Agreement in writing.
D. At Close Of Escrow, Seller assigns to Buyer any assignable warranty rights for items included in the sale and shall provide any available Copies of such warranties. Brokers cannot and will not determine the assignability of any warranties.
E. At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys and/or means to operate all locks, mailboxes, security systems, alarms and garage door openers. If Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

4. ALLOCATION OF COSTS (if checked): Unless otherwise specified here, this paragraph only determines who is to pay for the report, inspection, test or service mentioned. If not specified here or elsewhere in this Agreement, the determination of who is to pay for any work recommended or identified by any such report, inspection, test or service shall be by the method specified in paragraph 14B(2).
   A. WOOD DESTROYING PEST INSPECTION:
      (1) ☐ Buyer ☐ Seller shall pay for an inspection and report for wood destroying pests and organisms ("Report") which shall be prepared by _____, a registered structural pest control company. The Report shall cover the accessible areas of the main building and attached structures and, if checked: ☐ detached garages and carports, ☐ detached decks, ☐ the following other structures or areas _____. The Report shall not include roof coverings. If Property is a condominium or located in a common interest subdivision, the Report shall include only the separate interest and any exclusive-use areas being transferred and shall not include common areas, unless otherwise agreed. Water tests of shower pans on upper level units may not be performed without consent of the owners of property below the shower.
      OR (2) ☐ (if checked) The attached addendum (C.A.R. Form WPA) regarding wood destroying pest inspection and allocation of cost is incorporated into this Agreement.
   B. OTHER INSPECTIONS AND REPORTS:
      (1) ☐ Buyer ☐ Seller shall pay to have septic or private sewage disposal systems inspected N/A
      (2) ☐ Buyer ☐ Seller shall pay to have domestic wells tested for water potability and productivity N/A
      (3) ☐ Buyer ☒ Seller shall pay for a natural hazard zone disclosure report prepared by Property ID
      (4) ☐ Buyer ☒ Seller shall pay for the following inspection or report C.L.U.E. Report
      (5) ☒ Buyer ☐ Seller shall pay for the following inspection or report Physical property inspection
   C. GOVERNMENT REQUIREMENTS AND RETROFIT:
      (1) ☐ Buyer ☒ Seller shall pay for smoke detector installation and/or water heater bracing, if required by Law. Prior to Close Of Escrow, Seller shall provide Buyer a written statement of compliance in accordance with state and local Law, unless exempt.
      (2) ☐ Buyer ☒ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards, inspections and reports if required as a condition of closing escrow under any Law. _____
   D. ESCROW AND TITLE:
      (1) ☒ Buyer ☒ Seller shall pay escrow fee 50% - 50%
         Escrow Holder shall be Southland Title & Escrow-Kathy Gabo
      (2) ☐ Buyer ☒ Seller shall pay for owner's title insurance policy specified in paragraph 12E _____
         Owner's title policy to be issued by LandAmerica Commonwealth Title
         (Buyer shall pay for any title insurance policy insuring Buyer's lender, unless otherwise agreed in writing.)
   E. OTHER COSTS:
      (1) ☐ Buyer ☒ Seller shall pay County transfer tax or transfer fee _____
      (2) ☐ Buyer ☒ Seller shall pay City transfer tax or transfer fee _____
      (3) ☐ Buyer ☐ Seller shall pay HOA transfer fee _____
      (4) ☐ Buyer ☐ Seller shall pay HOA document preparation fees _____
      (5) ☐ Buyer ☒ Seller shall pay the cost, not to exceed $ 300.00 _____, of a one-year home warranty plan, issued by Sellers Choice
         with the following optional coverage: _____
      (6) ☐ Buyer ☐ Seller shall pay for _____
      (7) ☐ Buyer ☐ Seller shall pay for _____

5. STATUTORY DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:
   A. (1) Seller shall, within the time specified in paragraph 14A, deliver to Buyer, if required by Law: (i) Federal Lead-Based Paint Disclosures and pamphlet ("Lead Disclosures"); and (ii) disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the California Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act and Improvement Bond Act of 1915) and, if Seller has actual knowledge, an industrial use and military ordnance location disclosure (C.A.R. Form SSD).
   (2) Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory and Lead Disclosures to Seller.
   (3) In the event Seller, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer of which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies disclosed in reports ordered and paid for by Buyer.

Buyer's Initials ( __ ) ( __ )
Seller's Initials ( __ ) ( __ )
Reviewed by _____ Date _____

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 2 OF 8)
CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 8)

Scott & Justin

Redacted

Property Address: San Diego, Ca 92123      Date: January 24, 2006

10. **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: (I) obtain receipts for Repairs performed by others; (II) prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and (III) provide Copies of receipts and statements to Buyer prior to final verification of condition.

11. **BUYER INDEMNITY AND SELLER PROTECTION FOR ENTRY UPON PROPERTY:** Buyer shall: (i) keep the Property free and clear of liens; (II) Repair all damage arising from Buyer Investigations; and (III) indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

12. **TITLE AND VESTING:**
   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary (title) report, which is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the preliminary report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B.
   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: (I) monetary liens of record unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (II) those matters which Seller has agreed to remove in writing.
   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.
   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.
   E. Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance. A title company, at Buyer's request, can provide information about the availability, desirability, coverage, and cost of various title insurance coverages and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in cost.

13. **SALE OF BUYER'S PROPERTY:**
   A. This Agreement is NOT contingent upon the sale of any property owned by Buyer.
   OR B. ☐ (If checked): The attached addendum (C.A.R. Form COP) regarding the contingency for the sale of property owned by Buyer is incorporated into this Agreement.

14. **TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph must be in writing (C.A.R. Form CR).
   A. **SELLER HAS:** 7 (or ☐ _____ ) Days After Acceptance to deliver to Buyer all reports, disclosures and information for which Seller is responsible under paragraphs 4, 5A and B, 6A, 7B and 12.
   B. (1) **BUYER HAS:** 17 (or ☐ _____ ) Days After Acceptance, unless otherwise agreed in writing, to:
      (i) complete all Buyer Investigations; approve all disclosures, reports and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property (including lead-based paint and lead-based paint hazards as well as other information specified in paragraph 5 and insurability of Buyer and the Property); and
      (ii) return to Seller Signed Copies of Statutory and Lead Disclosures delivered by Seller in accordance with paragraph 5A.
      (2) Within the time specified in 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to Buyer's requests.
      (3) By the end of the time specified in 14B(1) (or 2I for loan contingency or 2J for appraisal contingency), Buyer shall, in writing, remove the applicable contingency (C.A.R. Form CR) or cancel this Agreement. However, if (I) government-mandated inspections/ reports required as a condition of closing; or (ii) Common Interest Disclosures pursuant to paragraph 6B are not made within the time specified in 14A, then Buyer has 5 (or ☐ _____ ) Days After receipt of any such items, or the time specified in 14B(1), whichever is later, to remove the applicable contingency or cancel this Agreement in writing.
   C. **CONTINUATION OF CONTINGENCY OR CONTRACTUAL OBLIGATION; SELLER RIGHT TO CANCEL:**
      (1) **Seller right to Cancel; Buyer Contingencies:** Seller, after first giving Buyer a Notice to Buyer to Perform (as specified below), may cancel this Agreement in writing and authorize return of Buyer's deposit if, by the time specified in this Agreement, Buyer does not remove in writing the applicable contingency or cancel this Agreement. Once all contingencies have been removed, failure of either Buyer or Seller to close escrow on time may be a breach of this Agreement.
      (2) **Continuation of Contingency:** Even after the expiration of the time specified in 14B, Buyer retains the right to make requests to Seller, remove in writing the applicable contingency or cancel this Agreement until Seller cancels pursuant to 14C(1). Once Seller receives Buyer's written removal of all contingencies, Seller may not cancel this Agreement pursuant to 14C(1).
      (3) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first giving Buyer a Notice to Buyer to Perform (as specified below), may cancel this Agreement in writing and authorize return of Buyer's deposit for any of the following reasons: (I) If Buyer fails to deposit funds as required by 2A or 2B; (II) if the funds deposited pursuant to 2A or 2B are not good when deposited; (III) if Buyer fails to provide a letter as required by 2G; (iv) if Buyer fails to provide verification as required by 2H or 2L; (v) if Seller reasonably disapproves of the verification provided by 2H or 2L; (vi) if Buyer fails to return Statutory and Lead Disclosures as required by paragraph 5A(2); or (vii) if Buyer fails to sign or initial a separate liquidated damage form for an increased deposit as required by paragraph 16. Seller is not required to give Buyer a Notice to Perform regarding Close of Escrow.
      (4) **Notice To Buyer To Perform:** The Notice to Buyer to Perform (C.A.R. Form NBP) shall: (I) be in writing; (II) be signed by Seller; and (III) give Buyer at least 24 (or ☐ _____ ) hours (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A Notice to Buyer to Perform may not be given any earlier than 2 Days Prior to the expiration of the applicable time for Buyer to remove a contingency or cancel this Agreement or meet a 14C(3) obligation.

Buyer's Initials ( ____ )( ____ )
Seller's Initials ( ____ )( ____ )
Reviewed by _____ Date _____

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 4 OF 8)

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 4 OF 8)

Redacted

Property Address: San Diego, Ca  92123                                        Date: January 24, 2006

D. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for inability to obtain financing.

E. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, Buyer and Seller agree to Sign mutual instructions to cancel the sale and escrow and release deposits to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Release of funds will require mutual Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A party may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).

15. **FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final inspection of the Property within 5 (or _____) Days Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: (i) the Property is maintained pursuant to paragraph 7A; (ii) Repairs have been completed as agreed; and (iii) Seller has complied with Seller's other obligations under this Agreement.

16. **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award.
BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT. (C.A.R. FORM RID)

Buyer's Initials ____/____   Seller's Initials ____/____

17. **DISPUTE RESOLUTION:**
   A. **MEDIATION:** Buyer and Seller agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. Paragraphs 17B(2) and (3) below apply to mediation whether or not the Arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.
   B. **ARBITRATION OF DISPUTES:** (1) Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraphs 17B(2) and (3) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California Law. The parties shall have the right to discovery in accordance with California Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.
   (2) EXCLUSIONS FROM MEDIATION AND ARBITRATION: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in California Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.
   (3) BROKERS: Buyer and Seller agree to mediate and arbitrate disputes or claims involving either or both Brokers, consistent with 17A and B, provided either or both Brokers shall have agreed to such mediation or arbitration prior to, or within a reasonable time after, the dispute or claim is presented to Brokers. Any election by either or both Brokers to participate in mediation or arbitration shall not result in Brokers being deemed parties to the Agreement.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials ____/____   Seller's Initials ____/____

Buyer's Initials ( ____ )( ____ )
Seller's Initials ( ____ )( ____ )
Reviewed by _____ Date _____

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 5 OF 8)

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 5 OF 8)

Scott & Justin

Redacted

Property Address: San Diego, Ca 92123     Date: January 24, 2006

18. **PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and (ii) for periods prior to Close Of Escrow, by Seller. TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

19. **WITHHOLDING TAXES:** Seller and Buyer agree to execute any instrument, affidavit, statement or instruction reasonably necessary to comply with federal (FIRPTA) and California withholding Law, if required (C.A.R. Forms AS and AB).

20. **MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the terms of this transaction to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

21. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

22. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 17A.

23. **SELECTION OF SERVICE PROVIDERS:** If Brokers refer Buyer or Seller to persons, vendors, or service or product providers ("Providers"), Brokers do not guarantee the performance of any Providers. Buyer and Seller may select ANY Providers of their own choosing.

24. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.

25. **OTHER TERMS AND CONDITIONS,** including attached supplements:
   A. ☑ Buyer's Inspection Advisory (C.A.R. Form BIA)
   B. ☑ Purchase Agreement Addendum (C.A.R. Form PAA paragraph numbers: _____)
   C. ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA)
   D. *Sellers to credit Buyers $2,000 toward closing costs. Sellers to approve of Buyers' credit score within 48 hours of acceptance.*

26. **DEFINITIONS:** As used in this Agreement:
   A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a party and is delivered to and personally received by the other party or that party's authorized agent in accordance with the terms of this offer or a final counter offer.
   B. **"Agreement"** means the terms and conditions of this accepted California Residential Purchase Agreement and any accepted counter offers and addenda.
   C. **"C.A.R. Form"** means the specific form referenced or another comparable form agreed to by the parties.
   D. **"Close Of Escrow"** means the date the grant deed, or other evidence of transfer of title, is recorded. If the scheduled close of escrow falls on a Saturday, Sunday or legal holiday, then close of escrow shall be the next business day after the scheduled close of escrow date.
   E. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.
   F. **"Days"** means calendar days, unless otherwise required by Law.
   G. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59PM on the final day.
   H. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.
   I. **"Electronic Copy"** or **"Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other.
   J. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.
   K. **"Notice to Buyer to Perform"** means a document (C.A.R. Form NBP), which shall be in writing and Signed by Seller and shall give Buyer at least 24 hours (or as otherwise specified in paragraph 14C(4)) to remove a contingency or perform as applicable.
   L. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.
   M. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.
   N. Singular and Plural terms each include the other, when appropriate.

Buyer's Initials ( JD )( SW )
Seller's Initials ( BM )( LMcS )
Reviewed by _____ Date _____

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 6 OF 8)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 6 OF 8)**

Scott & Justin

Property Address: Redacted San Diego, Ca 92123                                    Date: January 24, 2006

**27. AGENCY:**

A. **DISCLOSURE:** Buyer and Seller each acknowledge prior receipt of C.A.R. Form AD "Disclosure Regarding Real Estate Agency Relationships."

B. **POTENTIALLY COMPETING BUYERS AND SELLERS:** Buyer and Seller each acknowledge receipt of a disclosure of the possibility of multiple representation by the Broker representing that principal. This disclosure may be part of a listing agreement, buyer-broker agreement or separate document (C.A.R. Form DA). Buyer understands that Broker representing Buyer may also represent other potential buyers, who may consider, make offers on or ultimately acquire the Property. Seller understands that Broker representing Seller may also represent other sellers with competing properties of interest to this Buyer.

C. **CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:
Listing Agent _____ RE/MAX Associates _____ (Print Firm Name) is the agent
of (check one): ☒ the Seller exclusively; or ☐ both the Buyer and Seller.
Selling Agent _____ Capital Real Estate Company, Inc. _____ (Print Firm Name) (if not same as Listing Agent) is the agent of (check one): ☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and Seller. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.

**28. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**

A. The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder, which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: 1, 2, 4, 12, 13B, 14E, 18, 19, 24, 25B and 25D, 26, 28, 29, 32A, 33 and paragraph D of the section titled Real Estate Brokers on page 8. If a Copy of the separate compensation agreement(s) provided for in paragraph 29 or 32A, or paragraph D of the section titled Real Estate Brokers on page 8 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions directly from Escrow Holder and will execute such provisions upon Escrow Holder's request. To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow.

B. A Copy of this Agreement shall be delivered to Escrow Holder within 3 business days after Acceptance (or ☐ _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement.

C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraphs 29, 32A and paragraph D of the section titled Real Estate Brokers on page 8. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraphs 29 and 32A, respectively, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Escrow Holder shall immediately notify Brokers: (i) if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) if Buyer and Seller instruct Escrow Holder to cancel escrow.

D. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 2 business days after mutual execution of the amendment.

**29. BROKER COMPENSATION FROM BUYER:** If applicable, upon Close Of Escrow, Buyer agrees to pay compensation to Broker as specified in a separate written agreement between Buyer and Broker.

**30. TERMS AND CONDITIONS OF OFFER:**

This is an offer to purchase the Property on the above terms and conditions. All paragraphs with spaces for initials by Buyer and Seller are incorporated in this Agreement only if initialed by all parties. If at least one but not all parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the above confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 1/06 (PAGE 7 OF 8)

Buyer's Initials ( ___ )( ___ )
Seller's Initials ( ___ )( ___ )
Reviewed by ___ Date ___

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 8)

Scott & Justin

Property Address: Redacted San Diego, Ca 92123    Date: January 24, 2006

**31. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____, who is authorized to receive it by 5:00 PM on the third Day after this offer is signed by Buyer (or, if checked, ☐ by _____ (date) at _____ ☐ AM ☐ PM).

Date January 24, 2006
BUYER _[signature]_
Justine Phillips
(Print name)
Redacted
(Address) San Diego Ca 92123

Date January 24, 2006
BUYER _[signature]_
Scott Phillips
(Print name)

**32. BROKER COMPENSATION FROM SELLER:**
A. Upon Close Of Escrow, Seller agrees to pay compensation to Broker as specified in a separate written agreement between Seller and Broker.
B. If escrow does not close, compensation is payable as specified in that separate written agreement.

**33. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to deliver a Signed Copy to Buyer.
☐ (If checked) SUBJECT TO ATTACHED COUNTER OFFER, DATED _____

Date 1-26-06
SELLER _[signature]_
Burton J McFarland
(Print name)
Redacted    San Diego, Ca 92123
(Address)

Date 1-26-06
SELLER _[signature]_
Linda F McFarland
(Print name)

( ____/____ ) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized (Initials) agent on (date) _____ at _____ ☐ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.

---

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 27.
C. If specified in paragraph 2A, Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. COOPERATING BROKER COMPENSATION: Listing Broker agrees to pay Cooperating Broker (Selling Firm) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement (C.A.R. Form CBC) between Listing Broker and Cooperating Broker.

Real Estate Broker (Selling Firm) Capital Real Estate Company, Inc.    License # 01357713
By _[signature]_ Jason Keigel License # 01357712 Date 1/24/06
Address 1940 Market Street  City San Diego  State Ca  Zip 92102
Telephone (619) 325-7323  Fax (619) 325-7666  E-mail jasonb@crecsd.com

Real Estate Broker (Listing Firm) RE/MAX Associates    License # _____
By _[signature]_  License # _____  Date 1/27/06
Address 4474 Morena Blvd #208  City SAN DIEGO  State CA  Zip 92117
Telephone (858) 272-6000  Fax (858) 272-2450  E-mail _____

---

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ), counter offer numbers _____ and _____, and agrees to act as Escrow Holder subject to paragraph 28 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.
Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____
Escrow Holder Southland Title & Escrow    Escrow # _____
By _____
Address _____    Kathy Gabe  Date _____
Phone/Fax/E-mail _____
Escrow Holder is licensed by the California Department of ☐ Corporations, ☐ Insurance, ☐ Real Estate. License # _____

---

( ____/____ ) **REJECTION OF OFFER:** No counter offer is being made. This offer was reviewed and rejected by Seller on
(Seller's Initials) _____ (Date)

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



Reviewed by _____ Date _____

RPA-CA REVISED 1/06 (PAGE 8 OF 8)
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 8)**



# BUYER'S INSPECTION ADVISORY

(C.A.R. Form BIA, Revised 10/02)

Property Address: Redacted San Diego Ca 92123 ("Property").

**A. IMPORTANCE OF PROPERTY INVESTIGATION:** The physical condition of the land and improvements being purchased is not guaranteed by either Seller or Brokers. For this reason, you should conduct thorough investigations of the Property personally and with professionals who should provide written reports of their investigations. A general physical inspection typically does not cover all aspects of the Property nor items affecting the Property that are not physically located on the Property. If the professionals recommend further investigations, including a recommendation by a pest control operator to inspect inaccessible areas of the Property, you should contact qualified experts to conduct such additional investigations.

**B. BUYER RIGHTS AND DUTIES:** You have an affirmative duty to exercise reasonable care to protect yourself, including discovery of the legal, practical and technical implications of disclosed facts, and the investigation and verification of information and facts that you know or that are within your diligent attention and observation. The purchase agreement gives you the right to investigate the Property. If you exercise this right, and you should, you must do so in accordance with the terms of that agreement. This is the best way for you to protect yourself. It is extremely important for you to read all written reports provided by professionals and to discuss the results of inspections with the professional who conducted the inspection. You have the right to request that Seller make repairs, corrections or take other action based upon items discovered in your investigations or disclosed by Seller. If Seller is unwilling or unable to satisfy your requests, or you do not want to purchase the Property in its disclosed and discovered condition, you have the right to cancel the agreement if you act within specific time periods. If you do not cancel the agreement in a timely and proper manner, you may be in breach of contract.

**C. SELLER RIGHTS AND DUTIES:** Seller is required to disclose to you material facts known to him/her that affect the value or desirability of the Property. However, Seller may not be aware of some Property defects or conditions. Seller does not have an obligation to inspect the Property for your benefit nor is Seller obligated to repair, correct or otherwise cure known defects that are disclosed to you or previously unknown defects that are discovered by you or your inspectors during escrow. The purchase agreement obligates Seller to make the Property available to you for investigations.

**D. BROKER OBLIGATIONS:** Brokers do not have expertise in all areas and therefore cannot advise you on many items, such as soil stability, geologic or environmental conditions, hazardous or illegal controlled substances, structural conditions of the foundation or other improvements, or the condition of the roof, plumbing, heating, air conditioning, electrical, sewer, septic, waste disposal, or other system. The only way to accurately determine the condition of the Property is through an inspection by an appropriate professional selected by you. If Broker gives you referrals to such professionals, Broker does not guarantee their performance. You may select any professional of your choosing. In sales involving residential dwellings with no more than four units, Brokers have a duty to make a diligent visual inspection of the accessible areas of the Property and to disclose the results of that inspection. However, as some Property defects or conditions may not be discoverable from a visual inspection. It is possible Brokers are not aware of them. If you have entered into a written agreement with a Broker, the specific terms of that agreement will determine the nature and extent of that Broker's duty to you. YOU ARE STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY. IF YOU DO NOT DO SO, YOU ARE ACTING AGAINST THE ADVICE OF BROKERS.

**E. YOU ARE ADVISED TO CONDUCT INVESTIGATIONS OF THE ENTIRE PROPERTY, INCLUDING, BUT NOT LIMITED TO THE FOLLOWING:**

1. **GENERAL CONDITION OF THE PROPERTY, ITS SYSTEMS AND COMPONENTS:** Foundation, roof, plumbing, heating, air conditioning, electrical, mechanical, security, pool/spa, other structural and non-structural systems and components, fixtures, built-in appliances, any personal property included in the sale, and energy efficiency of the Property. (Structural engineers are best suited to determine possible design or construction defects, and whether improvements are structurally sound.)
2. **SQUARE FOOTAGE, AGE, BOUNDARIES:** Square footage, room dimensions, lot size, age of improvements and boundaries. Any numerical statements regarding these items are APPROXIMATIONS ONLY and have not been verified by Seller and cannot be verified by Brokers. Fences, hedges, walls, retaining walls and other natural or constructed barriers or markers do not necessarily identify true Property boundaries. (Professionals such as appraisers, architects, surveyors and civil engineers are best suited to determine square footage, dimensions and boundaries of the Property.)
3. **WOOD DESTROYING PESTS:** Presence of, or conditions likely to lead to the presence of wood destroying pests and organisms and other infestation or infection. Inspection reports covering these items can be separated into two sections: Section 1 identifies areas where infestation or infection is evident. Section 2 identifies areas where there are conditions likely to lead to infestation or infection. A registered structural pest control company is best suited to perform these inspections.
4. **SOIL STABILITY:** Existence of fill or compacted soil, expansive or contracting soil, susceptibility to slippage, settling or movement, and the adequacy of drainage. (Geotechnical engineers are best suited to determine such conditions, causes and remedies.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Buyer's Initials (____)(____)
Seller's Initials (____)(____)
Reviewed by ____ Date ____

**BIA REVISED 10/02 (PAGE 1 OF 2)**

**BUYER'S INSPECTION ADVISORY (BIA PAGE 1 OF 2)**

| Agent: Jason Heisel | Phone: (619) 325-7333 | Fax: (619) 325-7666 | Prepared using WINForms® software |
| Broker: Capital Real Estate Company 1840 Market St. San Diego, CA 92102 | | | |

Property Address: Redacted San Diego Ca 92123 Date: January 24, 2006

5. **ROOF:** Present condition, age, leaks, and remaining useful life. (Roofing contractors are best suited to determine these conditions.)
6. **POOL/SPA:** Cracks, leaks or operational problems. (Pool contractors are best suited to determine these conditions.)
7. **WASTE DISPOSAL:** Type, size, adequacy, capacity and condition of sewer and septic systems and components, connection to sewer, and applicable fees.
8. **WATER AND UTILITES; WELL SYSTEMS AND COMPONENTS:** Water and utility availability, use restrictions and costs. Water quality, adequacy, condition, and performance of well systems and components.
9. **ENVIRONMENTAL HAZARDS:** Potential environmental hazards, including, but not limited to, asbestos, lead-based paint and other lead contamination, radon, methane, other gases, fuel oil or chemical storage tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields, nuclear sources, and other substances, materials, products, or conditions (including mold (airborne, toxic or otherwise), fungus or similar contaminants). (For more information on these items, you may consult an appropriate professional or read the booklets "Environmental Hazards: A Guide for Homeowners, Buyers, Landlords and Tenants," "Protect Your Family From Lead in Your Home" or both.)
10. **EARTHQUAKES AND FLOODING:** Susceptibility of the Property to earthquake/seismic hazards and propensity of the Property to flood. (A Geologist or Geotechnical Engineer is best suited to provide information on these conditions.)
11. **FIRE, HAZARD AND OTHER INSURANCE:** The availability and cost of necessary or desired insurance may vary. The location of the Property in a seismic, flood or fire hazard zone, and other conditions, such as the age of the Property and the claims history of the Property and Buyer, may affect the availability and need for certain types of insurance. Buyer should explore insurance options early as this information may affect other decisions, including the removal of loan and inspection contingencies. (An insurance agent is best suited to provide information on these conditions.)
12. **BUILDING PERMITS, ZONING AND GOVERNMENTAL REQUIREMENTS:** Permits, inspections, certificates, zoning, other governmental limitations, restrictions, and requirements affecting the current or future use of the Property, its development or size. (Such information is available from appropriate governmental agencies and private information providers. Brokers are not qualified to review or interpret any such information.)
13. **RENTAL PROPERTY RESTRICTIONS:** Some cities and counties impose restrictions that limit the amount of rent that can be charged, the maximum number of occupants, and the right of a landlord to terminate a tenancy. Deadbolt or other locks and security systems for doors and windows, including window bars, should be examined to determine whether they satisfy legal requirements. (Government agencies can provide information about these restrictions and other requirements.)
14. **SECURITY AND SAFETY:** State and local Law may require the installation of barriers, access alarms, self-latching mechanisms and/or other measures to decrease the risk to children and other persons of existing swimming pools and hot tubs, as well as various fire safety and other measures concerning other features of the Property. Compliance requirements differ from city to city and county to county. Unless specifically agreed, the Property may not be in compliance with these requirements. (Local government agencies can provide information about these restrictions and other requirements.)
15. **NEIGHBORHOOD, AREA, SUBDIVISION CONDITIONS; PERSONAL FACTORS:** Neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, the proximity of registered felons or offenders, fire protection, other government services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, protected species, wetland properties, botanical diseases, historic or other governmentally protected sites or improvements, cemeteries, facilities and condition of common areas of common interest subdivisions, and possible lack of compliance with any governing documents or Homeowners' Association requirements, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Buyer.

Buyer and Seller acknowledge and agree that Broker: (I) Does not decide what price Buyer should pay or Seller should accept; (ii) Does not guarantee the condition of the Property; (iii) Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; (iv) Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; (v) Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; (vi) Shall not be responsible for inspecting public records or permits concerning the title or use of Property; (vii) Shall not be responsible for identifying the location of boundary lines or other items affecting title; (viii) Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; (ix) Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and (x) Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

By signing below, Buyer and Seller each acknowledge that they have read, understand, accept and have received a Copy of this Advisory. Buyer is encouraged to read it carefully.

Buyer Signature: _____ 01/24/2006
Justine Phillips Date

Buyer Signature: _____ 01/24/2006
Scott Phillips Date

Seller Signature: _____ Date
Burton J Mcfarland

Seller Signature: Linda F McFarland 1-26-06
Linda F McFarland Date

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020


SURE TRAC
The System for Success

Reviewed by _____ Date _____


EQUAL HOUSING OPPORTUNITY

BIA REVISED 10/02 (PAGE 2 OF 2)

BUYER'S INSPECTION ADVISORY (BIA PAGE 2 OF 2)



**CALIFORNIA ASSOCIATION OF REALTORS®**

# PURCHASE AGREEMENT ADDENDUM No. 1
May Also Be Used With Counter Offer
(C.A.R. Form PAA, Revised 4/05)

This is an addendum to the ☒ California Residential Purchase Agreement, ☐ Counter Offer No. _____, ☐ Other _____ ("Agreement"), dated **January 24, 2006**,
on property known as _____ Redacted _____ **San Diego Ca 92123** ("Property"),
between _____ **Justine Phillips, Scott Phillips** _____ ("Buyer"),
and _____ **Burton J McFarland, Linda F McFarland** _____ ("Seller").
(The definitions in the California Residential Purchase Agreement are applicable to this Purchase Agreement Addendum.)

1. ☐ **CANCELLATION OF PRIOR SALE; BACK-UP OFFER** (If checked): This Agreement is in back-up position number _____, and is contingent upon written cancellation of any prior contracts and related escrows ("Prior Contracts") between Seller and other buyers. Seller and other buyers may mutually agree to modify or amend the terms of Prior Contracts. Buyer may cancel this Agreement in writing at any time before Seller provides Buyer Copies of written cancellations of Prior Contracts Signed by all parties to those contracts. If Seller is unable to provide such written Signed cancellations to Buyer by _____ (date), then either Buyer or Seller may cancel the Agreement in writing.
    A. **BUYER'S DEPOSIT CHECK** shall be: (i) held uncashed until Copies of the written cancellations Signed by all parties to the Prior Contracts are provided to Buyer; OR (ii) (if checked) ☐ immediately handled as provided in the Agreement.
    B. **TIME PERIODS** in the Agreement for investigations, contingencies, covenants and other obligations (i) shall begin on the Day After Seller provides Buyer Copies of Signed cancellations of Prior Contracts; OR (ii) (if checked) ☐ all time periods shall begin as provided in this Agreement. However, if the date for Close Of Escrow is a specific calendar date, that date shall NOT be extended, unless agreed to in writing by Buyer and Seller.

2. ☐ **SELLER TO REMAIN IN POSSESSION AFTER CLOSE OF ESCROW** (If checked): This provision is intended for short-term occupancy (i.e. less than 30 Days). If occupancy is intended to be for 30 Days or longer, use Residential Lease After Sale (C.A.R. Form RLAS). **Note: Local rent control or other Law regarding tenant's rights may impact Buyer's and Seller's rights and obligations.**
    A. **TERM:** Seller to remain in possession of Property for _____ Days After Close Of Escrow (or ☐ _____). Seller has no right to remain in possession beyond this term and may be responsible for court awarded damages if seller does remain.
    B. **COMPENSATION:** Seller agrees to pay Buyer (i) $ _____ per Day (or ☐ _____), and (ii) a security deposit in the amount of $ _____. Seller shall deposit such funds with escrow holder prior to Close Of Escrow or such funds shall be withheld from Seller's proceeds.
    C. **LATE CHARGE/NSF CHECKS:** If any payment from Seller to Buyer is required outside of escrow, and any such payment is not received by Buyer within 5 (or ☐ _____) Days After date due, Seller shall pay to Buyer an additional sum of $ _____ as a Late Charge. If a check is returned for non-sufficient fund ("NSF"), Seller shall pay to Buyer $25.00 as an NSF charge. Seller and Buyer agree that these charges represent a fair and reasonable estimate of the costs Buyer may incur by reason of Seller's late or NSF payment. Buyer's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default by Seller.
    D. **UTILITIES:** Seller agrees to pay for all utilities and services, and the following charges: _____ except _____, which shall be paid for by Buyer.
    E. **ENTRY:** Seller shall make Property available to Buyer for the purpose of entering to make necessary or agreed repairs, or to supply necessary or agreed services, or to show Property to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers or contractors. Buyer and Seller agree that 24 hours notice (oral or written) shall be reasonable and sufficient notice. In an emergency, Buyer may enter Property at any time without prior notice.
    F. **MAINTENANCE:** Seller shall maintain the Property, including pool, spa, landscaping and grounds, and all personal property included in the sale in substantially the same condition as on the date of Acceptance of the Agreement. Except as provided in the Agreement, Seller shall not make alterations to the Property without Buyer's written consent.
    G. **ASSIGNMENT; SUBLETTING:** Seller shall not assign or sublet all or any part of the Property, or assign or transfer the right to occupy the Property. Any assignment, subletting or transfer of the Property by voluntary act of Seller, by operation of Law or otherwise, without Buyer's prior written consent shall give Buyer the right to terminate Seller's right to possession.
    H. **SELLER'S OBLIGATIONS UPON DELIVERY OF POSSESSION:** Upon delivery of possession to Buyer, Seller shall deliver the Property in the condition and on the terms provided in the Agreement.
    I. **INSURANCE:** Seller's personal property (including vehicles) is not insured by Buyer, and, if applicable, owner's association, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Seller is to carry Seller's own insurance to protect Seller from such loss.
    J. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.
    K. **OTHER TERMS AND CONDITIONS/SUPPLEMENTS:** _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2005, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
PAA REVISED 4/05 (PAGE 1 OF 2)

Buyer's Initials ( __ )( __ )
Seller's Initials ( __ )( __ )
Reviewed by _____ Date _____

**PURCHASE AGREEMENT ADDENDUM (PAA PAGE 1 OF 2)**

Agent: Jason Heisel  Phone: (619) 325-7333  Fax: (619) 325-7666  Prepared using WINForms® software
Broker: Capital Real Estate Company 1940 Market St. San Diego, CA 92102

Property Address: Redacted , San Diego Ca  92123  Date: January 24, 2006

3. ☐ **TENANT TO REMAIN IN POSSESSION** (If checked): Buyer shall take Property subject to the rights of existing tenants. Seller shall, within 7 (or ☐ _____) Days After Acceptance, deliver to Buyer Copies of all: estoppel certificates sent to and received back from tenants; leases; rental agreements; and current income and expense statements ("Rental Documents"). Seller shall give Buyer written notice of any changes to existing leases or tenancies or new agreements to lease or rent ("Proposed Changes") at least 7 (or ☐ _____) Days prior to any Proposed Changes. Buyer's approval of the Rental Documents and Proposed Changes is a contingency of the Agreement. Buyer shall, within 5 (or ☐ _____) Days After receipt of Rental Documents or Proposed Changes remove the applicable contingency or cancel the Agreement. Seller shall transfer to Buyer, through escrow, all unused tenant deposits. No warranty is made concerning compliance with governmental restrictions, if any, limiting the amount of rent that can lawfully be charged, and/or the maximum number of persons who can lawfully occupy the Property, unless otherwise agreed in writing.

4. ☒ **SECONDARY OR ASSUMED LOAN** (If checked): Obtaining the secondary loan or assumption below and approval of such financing is a contingency of this Agreement. Buyer shall act diligently and in good faith to obtain the designated financing.
   A. ☒ **SECONDARY LOAN**
   (1) New second deed of trust in favor of LENDER encumbering the Property, securing a note payable at maximum interest of __8.000__ % fixed rate or __7.000__ % initial adjustable rate, with a maximum interest rate of _____ %, balance due in __5__ years. Buyer shall pay loan fees/points not to exceed _1%_.
   (These terms apply whether the designated loan is conventional, FHA or VA.)
   (2) Within 17 (or ☐ _____ Days) After Acceptance, Buyer shall, as specified in the Agreement, remove this contingency or cancel this Agreement; OR (if checked) ☐ secondary loan contingency shall remain in effect until the loan is funded.
   B. ☐ **ASSUMPTION OF EXISTING LOAN:**
   (1) Assumption of existing deed of trust encumbering the Property, securing a note payable at maximum interest of _____ % fixed rate or _____ % initial adjustable rate, with a maximum interest rate of _____ %, balance due in _____ years. Buyer shall pay loan fees/points not to exceed _____.
   Seller shall, within 5 (or ☐ _____) Days After Acceptance, request from Lender, and upon receipt provide to Buyer, Copies of all applicable notes and deeds of trust, loan balances and current interest rates. Differences between estimated and actual loan balances shall be adjusted at Close Of Escrow by cash down payment. Impound accounts, if any, shall be assigned and charged to Buyer and credited to Seller. If this is an assumption of a VA Loan, the sale is contingent upon Seller being provided a release of liability and substitution of eligibility, unless otherwise agreed in writing.
   (2) Within 17 (or ☐ _____) Days After Acceptance, Buyer shall, as specified in the Agreement, remove this contingency or cancel this Agreement. However, if the assumed loan documents are not provided to Buyer within 7 Days After Acceptance, Buyer has 5 (or ☐ _____) Days after receipt of these documents, or the fixed time specified in 4B(2), whichever occurs last, to remove this contingency or cancel the Agreement; OR (if checked) ☐ assumed loan contingency shall remain in effect until the assumption is approved.

5. ☐ **SHORT PAY** (If checked): This Agreement is contingent upon Seller's receipt of written consent from all existing secured lenders and lienholders ("Short-Pay Lenders"), no later than 5:00 P.M. on _____ (date) ("Short-Pay Contingency Date"), to reduce their respective loan balances by an amount sufficient to permit the proceeds from the sale of the Property, without additional funds from Seller, to pay the existing balances on loans, real property taxes, brokerage commissions, closing costs, and other monetary obligations the Agreement requires Seller to pay at Close Of Escrow (including, but not limited to, escrow charges, title charges, documentary transfer taxes, prorations, retrofit costs and Repairs). If Seller fails to give Buyer written notice of all existing Short-Pay Lenders' consent by the Short-Pay Contingency Date, either Seller or Buyer may cancel the Agreement in writing. Seller shall reasonably cooperate with existing Short-Pay lenders in the short-pay off process. Buyer and Seller understand that Lenders are not obligated to accept a short-pay off and may accept other offers, and that Seller, Buyer and Brokers do not have control over whether Short-Pay Lenders will consent to a short-pay off, or any act, omission, or decision by any Short-Pay Lender in the short-pay off process. Seller is informed that a short-pay may create credit or legal problems, or may result in taxable income to Seller. Seller may present to Short-Pay Lender any additional offers that are received on the Property. Seller is advised to seek advice from an attorney, certified public accountant or other expert regarding such potential consequences of a short-payoff.

6. ☐ **COURT CONFIRMATION** (If checked): This Agreement is contingent upon court confirmation on or before _____ (date). If court confirmation is not obtained by that date, Buyer may cancel this Agreement in writing. Court confirmation may be required in probate, conservatorship, guardianship, receivership, bankruptcy, or other proceedings. The court may allow open, competitive bidding, resulting in Property being sold to the highest bidder. Broker recommends that Buyer appear at court confirmation hearing. Buyer understands that (i) Broker and others may continue to market the Property and (ii) Broker may represent other competitive bidders prior to and at the court confirmation.

Date January 24, 2006  
Buyer _/s/ Justine Phillips_  
Justine Phillips  
Buyer _/s/ Scott Phillips_  
Scott Phillips  

Date 1·26·06  
Seller _/s/ Burton J McFarland_  
Burton J McFarland  
Seller _/s/ Linda F McFarland_  
Linda F McFarland  

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.



Published and Distributed by:  
REAL ESTATE BUSINESS SERVICES, INC.  
a subsidiary of the California Association of REALTORS®  
525 South Virgil Avenue, Los Angeles, California 90020  

Reviewed by _____ Date _____

PAA REVISED 4/05 (PAGE 2 OF 2)

**PURCHASE AGREEMENT ADDENDUM (PAA PAGE 2 OF 2)**

Scott & Justin

Property Address: San Diego, Ca 92123 Redacted

**31. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____, who is authorized to receive it by 6:00 PM on the third Day after this offer is signed by Buyer (or, if checked, ☐ by _____ (date) at _____ ☐ AM ☐ PM). Date: January 24, 2006

Date January 24, 2006
BUYER _[signature]_
Joaquin Phillips
(Print name)
Redacted
_San Diego, Ca 92123_

Date January __, 2006
BUYER _[signature]_
Scott Phillips
(Print name)

**32. BROKER COMPENSATION FROM SELLER:**
A. Upon Close Of Escrow, Seller agrees to pay compensation to Broker as specified in a separate written agreement between Seller and Broker.
B. If escrow does not close, compensation is payable as specified in that separate written agreement.

**33. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to deliver a Signed Copy to Buyer.
☐ (If checked) SUBJECT TO ATTACHED COUNTER OFFER, DATED _____

Date 1-26-06
SELLER _[signature]_
Burton J. McFarland
(Print name)
Redacted
_San Diego, Ca 92123_

Date 1-26-06
SELLER _[signature]_
Linda F. McFarland
(Print name)

( _[initials]_ ) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized agent on (date) _1-26-06_ at _11_ ☒ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 27.
C. If specified in paragraph 2A, Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. COOPERATING BROKER COMPENSATION: Listing Broker agrees to pay Cooperating Broker (Selling Firm) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement (C.A.R. Form CBC) between Listing Broker and Cooperating Broker.

Real Estate Broker (Selling Firm) Capital Real Estate Company, Inc. License # 01357713
By Jason Reigel License # 01357712 Date 1/27/06
Address 1240 Market Street City San Diego State Ca Zip 92102
Telephone (619)325-7533 Fax (619)325-7666 E-mail jasonb@amccad.com

Real Estate Broker (Listing Firm) RE/MAX Associates
By _[signature]_ License #
Address 7676 Magenta Blvd #108 City SAN DIEGO State CA Zip 92111
Telephone (858)272-6000 Fax (858)272-2450 E-mail ___ Date 1/27/06 License #

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☒ a deposit in the amount of $ 5,000.00 counter offer numbers _none_, and _____), and agrees to act as Escrow Holder subject to paragraph 28 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.
Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is 1/26/06
Escrow Holder Southland Title & Escrow Escrow # 90591941 K3
By _[signature]_ Kathy Gabe Date 1/26/06
Address 9065 Granite Ridge Dr #200 San Diego CA 92123
Phone/Fax/E-mail (858)560-7090

Escrow Holder is licensed by the California Department of ☐ Corporations, ☐ Insurance, ☐ Real Estate. License # _____

( ___/___ ) **REJECTION OF OFFER:** No counter offer is being made. This offer was reviewed and rejected by Seller on _____
(Seller's initials) (Date)

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

RPA-CA REVISED 1/06 (PAGE 8 OF 8)

Reviewed by _____ Date _____

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT



Commonwealth Land Title Company
3131 Camino del Rio N., #1400
San Diego, CA 92108

Phone: (619) 686-6000

December 8, 2005

Re/Max Associates
4747 Morena Blvd #200
San Diego, CA 92117

Attn.: Joe Cal

Title/Order No.:      03715987-CC
Property Address:     Redacted         , San Diego, California
Buyer/Borrowers:

Enclosed, please find the Preliminary Title Report(s) issued in connection with our above referenced order number. Please feel free to contact the undersigned if we may be of further assistance.

We thank you for this opportunity to serve you.


Candy Church
Title Officer

Enclosure(s)

# EXHIBIT B

A. Settlement Statement | U.S. Department of Housing and Urban Development | OMB Approval No. 2502-0265

B. Type of Loan

1. [ ] FHA  2. [ ] FmHA  3. [X] Conv.Unins.  6. File Number: SD57541-KG  7. Loan Number: Redacted  8. Mortgage Insurance Case Number:
4. [ ] VA   5. [ ] Conv.Ins.

C. NOTE: THIS NOTE IS FURNISHED TO GIVE YOU A STATEMENT OF ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P.O.C.)" WERE PAID OUTSIDE THE CLOSING; THEY ARE SHOWN HERE FOR INFORMATIONAL PURPOSES AND NOT INCLUDED IN THE TOTALS.

D. Name and Address of Borrower: JUSTINE PHILLIPS AND SCOTT PHILLIPS — Redacted

E. Name and Address of Seller: BURTON J. MCFARLAND AND LINDA F. MCFARLAND — Redacted

F. Name and Address of Lender: MISSION FEDERAL CREDIT UNION, 5785 OBERLIN DRIVE #108, MS.-61, SAN DIEGO, CA

G. PROPERTY LOCATION: Redacted

H. Settlement Agent: SOUTHLAND TITLE

Place of Settlement: 9665 GRANITE RIDGE DRIVE #300, SAN DIEGO, CA 92123

I. Settlement Date: 2/22/2006 8:00:00 AM

| J. SUMMARY OF BORROWER'S TRANSACTIONS | | K. SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Purchase Price | | 401. Purchase Price | $485,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower | $0.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments For Items Paid By Seller in Advance | | Adjustments For Items Paid By Seller in Advance | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes 454.91/6 mos 2/22/2006 to 7/1/2006 | $326.02 |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | $0.00 | 420. Gross Amount Due To Seller | $485,326.02 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or Earnest Money | | 501. Excess deposit | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges To Seller (line 1400) | $140,975.44 |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) taken Subject To | |
| 204. | | 504. Payoff of First Mortgage Loan | $177,546.59 |
| 205. | | 505. Payoff of Second Mortgage Loan | $49,150.40 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments For Items Unpaid By Seller | | Adjustments For Items Unpaid By Seller | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. SELLER CREDIT TO BUYER FOR CLOSING COSTS | $2,000.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $0.00 | 520. Total Reduction Amount Due Seller | $369,672.43 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount Due From Borrower (line 120) | $0.00 | 601. Gross Amount Due To Seller (line 420) | $485,326.02 |
| 302. Less Amounts Paid By/For Borrower (line 220) | $0.00 | 602. Less Deductions In Amt. Due To Seller (line 520) | $369,672.43 |
| 303. Cash [ ] From [X] To Borrower | $0.00 | 603. Cash [X] To [ ] From Seller | $115,653.59 |

Certified to be a true and Correct Copy of the Original
LandAmerica Southland Title Corporation
By _(signature)_



L. Settlement Statement

| | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Sales Commission 485000.00 @ 5.04021 % = 24445.00 | | | |
| Division of Commission (line 700) As Follows: | | | |
| 701. $12320.00 to REMAX ASSOCIATES | | | |
| 702. $12125.00 to CAPITAL REAL ESTATE COMPANY | | | |
| 703. Commission paid at settlement | | | $24,445.00 |
| 800. Items Payable In Connection With Loan | | | |
| 801. Loan Origination Fee | | | |
| 802. Loan Discount | | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. Lender's Inspection Fee | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest From | | | |
| 902. Mortgage Insurance Premium for | | | |
| 903. Hazard Insurance Premium for | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes | | | |
| 1100. Title Charges | | | $885.00 |
| 1101. (See Exhibit 1101) | | | |
| 1102. Abstract or Title Search | | | |
| 1103. Title Examination | | | |
| 1104. Title Insurance Binder | | | $25.00 |
| 1105. Document Preparation to SOUTHLAND TITLE ESCROW -SAN DIEGO | | | |
| 1106. Notary Fees | | | |
| 1107. Attorney's Fees | | | $1,448.00 |
| 1108. Title Insurance to COMMONWEALTH LAND TITLE | | | |
| 1109. Lender's Coverage | | | |
| 1110. Owner's Coverage | | | |
| 1111. | | | |
| 1200. Government Recording And Transfer Charges | | | |
| 1201. Recording Fees: Deed $ Mortgage $ Release $ | | | $533.50 |
| 1202. City/county tax/stamps to COMMONWEALTH LAND TITLE | | | |
| 1203. State tax/stamps | | | |
| 1205. (See Exhibit 1205) | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey | | | $75.00 |
| 1302. Pest Inspection to DIAMOND TERMITE | | | $255.00 |
| 1303. Home Warranty to FIDELITY NATIONAL HOME WARRANTY | | | $133.50 |
| 1307. Hazard Disclosure to PROPERTY ID | | | $10.00 |
| 1310. Water Certificate to CITY OF SAN DIEGO WATER RESOURCES MGMT PROGRAM | | | $113,165.44 |
| 1311. FINAL DEPOSIT TO PURCHASE to INDIANA ABSTRACT & GUARANTY CORP | | | |
| 1351. (See Exhibit 1351) | | | |
| 1400. Total Settlement Charges (Enter On Lines 103, Section J And 502, Section K) | | $0.00 | $140,975.44 |

| | Seller(s) |
|---|---|
| **Exhibit 504** | |
| Principal to National City | $176,811.23 |
| Interest from 2/1/2006 thru 2/24/2006 | $639.36 |
| Fax Fee to National City | $20.00 |
| Reconveyance Fee to National City | $45.00 |
| Wire Fee to National City | $15.00 |
| Recording Fee to National City | $16.00 |
| **Exhibit 505** | |
| Principal to CHARLES SCHWAB | $48,788.32 |
| Interest to 2/28/2006 | $287.08 |
| Statement Fee to CHARLES SCHWAB | $30.00 |
| Reconveyance Fee to CHARLES SCHWAB | $40.00 |
| Recording Fee to CHARLES SCHWAB | $5.00 |
| **Exhibit 1101** | |
| Escrow Fee to SOUTHLAND TITLE ESCROW -SAN DIEGO | $835.00 |
| Loan Tie-In Fee to SOUTHLAND TITLE ESCROW -SAN DIEGO | |
| Bene/Demand Processing to SOUTHLAND TITLE ESCROW -SAN DIEGO | $50.00 |
| **Exhibit 1205** | |
| Recording Grant Deed to COMMONWEALTH LAND TITLE | |
| Recording Deed of Trust to COMMONWEALTH LAND TITLE | |
| **Exhibit 1351** | |
| Messenger Fee to SOUTHLAND TITLE ESCROW -SAN DIEGO | |
| Overnight Mail to SOUTHLAND TITLE ESCROW -SAN DIEGO | |