Michael J. Gleason, SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

[Additional Counsel Appear in Signature Block]

Attorneys for Defendants Fidelity National Financial, Inc.,
Fidelity National Title Insurance Co., Commonwealth
Land Title Co., Chicago Title Co., Ticor Title Co. of
California, Lawyers Title Co., Fidelity National Disclosure
Source, LLC, and Fidelity National Home Warranty Co.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MATTHIAS HILDEBRANDT, SCOTT PHILLIPS, DORSEY MCTAGGART, and WILLIAM C. HADDON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>       v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al*.,<br>        Defendants. | Case No. SACV12-00874-DSF (AGRx)<br><br>JUDGE DALE S. FISCHER<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSPIRACY ALLEGATIONS**<br><br>**Hearing Date: September 24, 2012**<br>**Hearing Time: 1:30 p.m.** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ................................................................................1

LAW AND ARGUMENT .......................................................................2

    I.     WITHOUT PROOF THAT THEIR INDIVIDUAL TRANSACTIONS WENT THROUGH TRANSACTIONPOINT, PLAINTIFFS' CONSPIRACY CLAIMS FAIL..................................2

    II.    THE COMPLAINT FAILS TO PLEAD CONSPIRACY WITH PARTICULARITY UNDER RULE 9(b) .............................3

    III.   PLAINTIFFS LACK STANDING TO ALLEGE CONSPIRACY AGAINST ALL DEFENDANTS EXCEPT FNF, FNHW, AND COMMONWEALTH.............................................5

CONCLUSION ...................................................................................8

# <u>TABLE OF AUTHORITIES</u>

CASES                                                                 PAGE(S)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................5

*Bassett v. Ruggles*,
   No. CV-F-09-528 OWW/SKO, 2009 WL 2982895 (E.D. Cal. Sept. 14,
   2009) ...............................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................5

*Chavez v. Bank of Am., N.A.*,
   No. CV-F-09-2133, 2010 WL 1854087 (E.D. Cal. May 6, 2010) ..................3, 4

*Dickson v. Microsoft Corp.*,
   309 F.3d 193 (4th Cir. 2002) .........................................................5

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l*,
   602 F.3d 237 (3d Cir. 2010) .........................................................5

*Hutson v. Am. Home Mortgage Servicing, Inc.*,
   No. C 09-1951 PGH, 2009 WL 3353312 (N.D. Cal. Oct. 16, 2009) ..................4

*In Re Toyota Motor Corp. Unintended Acceleration Marketing, Sales
   Practices, and Products Liability Litigation*,
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) ............................................5

*McCarn v. HSBC USA, Inc.*,
   No. 12-cv-375, 2012 U.S. Dist. LEXIS 74085 (E.D. Cal. May 25, 2012)...........6

*Spears v. Wash. Mut., Inc.*,
   No. 1:12-CV-00375, 2009 WL 605835 (N.D. Cal. Mar. 9, 2009) ....................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .......................................................3

## STATUTES & OTHER AUTHORITIES

Cal. Bus. & Prof. Code § 17200 ............................................................ 3

Fed. R. Civ. P. 9(b) .................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................. 3

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSPIRACY ALLEGATIONS

4838134

# INTRODUCTION

This motion is the **third** of Defendants' three motions to dismiss.  It is brought on behalf of **all Defendants** and is directed at the allegations in the Complaint relating to **conspiracy, aiding and abetting, and concerted action.** [Complaint ¶¶ 65-75.]  To avoid repetition, this motion incorporates by reference relevant portions of Defendants' other motions.

The Complaint alleges claims on behalf of four named Plaintiffs.  Those individuals are alleged to have done business with only two of the Defendants: Fidelity National Home Warranty Company ("FNHW") and Commonwealth Land Title Company ("Commonwealth").  [Complaint ¶¶ 16-19.]  The remaining Defendants (Fidelity National Financial Inc., Fidelity National Title Insurance Company, Chicago Title Company, Ticor Title Company of California, Lawyers Title Company, and Fidelity National Disclosure Source, LLC (collectively, the "No-Plaintiff-Connection Defendants")) are in the case only by virtue of allegedly participating in a civil conspiracy, purportedly connecting them with the two companies with whom Plaintiffs actually did business.  [*See id*. at ¶¶ 65-75.]

As shown below, the conspiracy allegations should be dismissed on one or more of three separate grounds.  First, if Defendants FNHW and Commonwealth's motions to dismiss are granted (that is, Defendants' first and second motions), then any alleged connection between Plaintiffs and the purported conspiracy will have been severed.  Plaintiffs will then have no valid ground to establish standing against any member of the alleged conspiracy, and the Complaint should be dismissed with respect to the "No-Plaintiff-Connection Defendants" as well.

Second, even if those other motions are not granted, the conspiracy allegations should be dismissed for failure to plead with particularity under Civil Rule 9(b).

1       Third, even if the Complaint does plead with sufficient particularity,

2   it does not sufficiently plead a *single* conspiracy.  A commonly alleged form

3   of conspiracy, criminal or civil, is the "hub-and-spoke" form in which a central

4   person or entity (the "hub") orchestrates separate agreements with other persons

5   or entities who join and help carry out the conspiracy (the "spokes").  This type

6   of conspiracy may be a single, unitary conspiracy if it has a "wheel" or "rim"

7   that connects the spokes (that is, agreements between each of the spokes).

8   But without a "rim," it constitutes multiple, separate conspiracies between

9   the hub and each spoke.

10       The Complaint here purports to allege a single conspiracy in the hub-and-

11   spoke form.  [Complaint ¶¶ 65, 67.]  Fidelity National Financial, Inc. ("FNF")

12   is alleged to be the hub of the system.  [*Id.* at ¶ 69.]  Steve Murnin at FNF is

13   alleged to be the person "who implemented the TransactionPoint scheme and

14   conspiracy."  [*Id.*]

15       But the Complaint does not allege any separate agreements connecting the

16   various "spokes" to each other.  Under settled law, the Complaint therefore fails

17   to allege a single conspiracy and instead alleges a separate conspiracy as to each

18   Plaintiff.  And that means that each Plaintiff lacks standing to sue any Defendant

19   with whom that Plaintiff did not do business.

## LAW AND ARGUMENT

### I.   WITHOUT PROOF THAT THEIR INDIVIDUAL TRANSACTIONS WENT THROUGH TRANSACTIONPOINT, PLAINTIFFS' CONSPIRACY CLAIMS FAIL.

23       Defendants' first and second motions to dismiss show that all Plaintiffs'

24   claims against FNHW fail as a matter of law.  If those motions are granted,

25   Plaintiffs will have no pending claim against FNHW, the Defendant with whom

26   they actually did business.  Without actionable underlying claims, Plaintiffs cannot

attempt to impose vicarious liability for those same claims against other
Defendants through allegations of conspiracy.  If Plaintiffs were not harmed by
FNHW, then the alleged conspiracy was not implemented as to them.  In other
words, Plaintiffs would lack standing against the No-Plaintiff-Connection
Defendants.  Their claims against those Defendants would have to be dismissed.

Plaintiff Phillips is slightly different insofar as he also alleged a transaction
with Defendant Commonwealth.  But as shown with factual evidence in the second
motion to dismiss, at the time of Phillips's transaction in 2006, Commonwealth
was not a Fidelity company and did not use TransactionPoint.  Thus, for a similar
reason, if Phillips's claims are dismissed with respect to Commonwealth, then
the alleged conspiracy was not implemented as to him and he lacks standing
to allege a claim against the No-Plaintiff-Connection Defendants based on it.

## II.   THE COMPLAINT FAILS TO PLEAD CONSPIRACY WITH PARTICULARITY UNDER RULE 9(b).

For purposes of a motion to dismiss, allegations of a civil conspiracy
to commit some form of fraud or a fraudulent act must be pled under the same
heightened particularity standard of Civil Rule 9(b) as any other claim for fraud.
*See, e.g.*, *Chavez v. Bank of Am., N.A.*, No. CV-F-09-2133 OWW/SKO, 2010 WL
1854087, at *25 (E.D. Cal. May 6, 2010) ("As to allegations of conspiracy,
heightened pleading is required by Rule 9(b) when the object of the conspiracy
is fraudulent."); *Bassett v. Ruggles*, No. CV-F-09-528 OWW/SMS, 2009 WL
2982895, at *22-23 (E.D. Cal. Sept. 14, 2009) (same).  The standard that applies
in a Civil Rule 9(b) challenge is the same at that which applies to motions under
Civil Rule 12(b)(6).  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,
1107 (9th Cir. 2003).

The Complaint alleges that the object of the conspiracy was fraudulent under
CAL. BUS. & PROF. CODE § 17200 (the "UCL").  [Complaint ¶ 110 (Defendants'

conduct was "fraudulent" because "Defendants did not disclose the payments they were making to real estate agents and brokers").]  The Complaint then alleges that the purpose and accomplishment of the conspiracy was the fraudulent conduct:  to not disclose the TransactionPoint payments.  [*See id*. ¶ 65 (Defendants conspired because they "concealed the true facts alleged herein"); *id*. ¶ 67 (purpose of the conspiracy was "to conceal adverse information concerning the Company's operations and kickbacks paid to real estate agents and brokers"); *id*. ¶ 68 (conspiracy accomplished by "failing to disclose kickbacks, commissions, and payments to real estate agents and brokers").]

As applied to conspiracy allegations, Civil Rule 9(b) requires that a plaintiff "plead items such as the time, place, and specific content" of the conspiracy. *Hutson v. Am. Home Mortgage Servicing, Inc.*, No. C 09-1951 PGH, 2009 WL 3353312, at *8 (N.D. Cal. Oct. 16, 2009).  The rule does not allow a complaint to lump multiple defendants together in a conspiracy; instead, the rule "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Id.*

The Complaint's conspiracy allegations do not even approach the standard of particularity required by Civil Rule 9(b).  [*See* Complaint ¶¶ 65-75.]  Most of the allegations are conclusory, and therefore insufficient.  *See Bassett*, 2009 WL 2982895, at *22 (conclusory allegations "do not satisfy the specificity requirements").  There is no factually specific pleading of a "mutual understanding or agreement" involving all Defendants.  *Chavez*, 2010 WL 1854087, at *25.  And there is no pleading of the specific time, place, or manner in which each Defendant supposedly joined, or in which each Defendant communicated with FNF or with

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSPIRACY ALLEGATIONS
4838134

each other.  There are no allegations of specific knowledge or agreement directed to each Defendant.  The Defendants are lumped together without differentiation.[1]

## III. PLAINTIFFS LACK STANDING TO ALLEGE CONSPIRACY AGAINST ALL DEFENDANTS EXCEPT FNF, FNHW, AND COMMONWEALTH.

In a purported hub-and-spoke conspiracy, if the plaintiff does not adequately allege the existence of a "wheel" or "rim" (that is, a horizontal conspiracy) connecting the spokes, the claim fails to allege a single conspiracy.

"A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common defendant's involvement in each transaction."  *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002).

Under settled precedent, "a rimless wheel conspiracy is not a single, general conspiracy but instead amounts to multiple conspiracies between the common defendant and each of the other defendants."  *Id.  See also Howard Hess Dental Labs. Inc. v. Dentsply Int'l*, 602 F.3d 237, 255 (3d Cir. 2010) ("[E]ven assuming the Plaintiffs have adequately identified the hub as well as the spokes…the

---

[1] The Complaint occasionally uses the words "aided and abetted," "common enterprise," "common course of conduct," or "concerted action" in conjunction with its allegations of conspiracy, but no specific conduct is alleged under these labels that is different from joining and participating in the alleged conspiracy. These labels, which are associated with the same allegedly fraudulent conduct as the conspiracy allegations, therefore likewise fail to satisfy Rule 9(b).
In the alternative, these other labels do not allege any specific facts, are purely conclusory, and therefore are insufficient to raise legal claims in federal court under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  *See, e.g.*, *In Re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 826 F. Supp. 2d 1180, 1208 (C.D. Cal. 2011) (granting motion to strike complaint's conclusory labels of agency relationships between affiliated corporations).

1  amended complaint lacks any allegation of an agreement among the [spokes]

2  themselves….[So], the 'rim' connecting the various 'spokes' is missing.").

3      The Complaint here alleges a "hub" (FNF and/or Steve Murnin), and it

4  alleges that the other Defendants in effect functioned as "spokes," each connected

5  separately to the FNF hub.  Murnin is alleged to have written letters to "real estate

6  settlement providers" to implement the conspiracy.  [Complaint ¶ 71.]  "[M]any

7  real estate settlement service providers, including the Defendants named herein,"

8  allegedly agreed to participate in the conspiracy, and therefore were spokes

9  connected to the FNF hub.  [*Id.*]

10     But there is no specific allegation of any agreement, or even any specific

11 communication, *between any of the separate settlement service provider*

12 *Defendants*.  "To be actionable, a hub-and-spoke conspiracy must have a 'rim,'

13 which requires some kind of agreement or understanding between and among the

14 spokes[.]"  *McCarn v. HSBC USA, Inc.*, No. 12-cv-375, 2012 U.S. Dist. LEXIS

15 74085, at *13 (E.D. Cal. May 25, 2012) (no Westlaw version available).

16     The difference between a single, actionable hub-and-spoke conspiracy

17 and the conspiracy that is alleged in the Complaint is illustrated visually here:

18

19

20

21

22

23

24

25

26

27

6



Typical "Hub & Spoke" Conspiracy          Alleged Conspiracy

This case therefore is analogous to *Spears v. Wash. Mut., Inc.*, No. 1:12-CV-00375 LJO SKO, 2009 WL 605835 (N.D. Cal. Mar. 9, 2009), in which plaintiffs alleged that three companies conspired to inflate the appraisal values of property that secured mortgage loans. The three companies were Washington Mutual Bank as the mortgage lender and two appraisal services, EA and LSI. Plaintiffs received their loans through WaMu and appraisals through EA. Plaintiffs did not allege any direct business dealings with LSI, and LSI moved to dismiss. The court granted LSI's motion based on lack of standing because "the complaint describe[d] what might be described as two parallel conspiracies"—one between WaMu and EA and a separate agreement between WaMu and LSI. *Id*. at *2. But "there [did] not appear to be [a] sufficient allegation that EA and LSI had an agreement." *Id*. There was no agreement between the "spokes," so plaintiffs had no standing to sue LSI, the company with which they did not do any business.

Accordingly, because the alleged conspiracy here is "rimless," it cannot be treated as a single conspiracy, and Plaintiffs have no standing to sue Defendants with whom they did no business. Because the Complaint alleges only that the four

Plaintiffs did business with FNHW and Commonwealth, and those Defendants allegedly conspired separately with FNF, Plaintiffs have no standing to sue any of the other "No-Plaintiff-Connection Defendants."

## CONCLUSION

For these reasons, if Defendants' first and second motions to dismiss are granted with respect to FNHW and Commonwealth, then the Complaint should be dismissed as to all other Defendants as well.  Alternatively, the conspiracy allegations of the Complaint should be dismissed with respect to all Defendants under Civil Rule 9(b).  But even if the conspiracy allegations are sufficiently detailed, the Complaint does not allege a single conspiracy, so that the Complaint should be dismissed with respect to the No-Plaintiff-Connection Defendants (other than FNF) because Plaintiffs lack standing to sue them.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSPIRACY ALLEGATIONS
4838134

| 1 | Date: July 27, 2012 | RESPECTFULLY SUBMITTED, |
|---|---|---|
| 2 | | */s/ Michael J. Gleason* |

Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One American Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
Derek E. Diaz (admitted *pro hac vice*)
*ddiaz@hahnlaw.com*
Kelly A. Kosek (admitted *pro hac vice*)
*kkosek@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
*Mark.Schiffman@fnf.com*
FIDELITY NATIONAL LAW GROUP
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
*James.Moss@fnf.com*
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants Fidelity National
Financial, Inc., Fidelity National Title Insurance
Co., Commonwealth Land Title Co., Chicago Title
Co., Ticor Title Co. of California, Lawyers Title
Co., Fidelity National Disclosure Source, LLC,
and Fidelity National Home Warranty Co.

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
Laurence Reza Wrathall, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Plaintiff and the Putative Classes

Date: July 27, 2012              _/s/ Michael J. Gleason_
                                 Michael J. Gleason
                                 Attorney for Defendants

10

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSPIRACY ALLEGATIONS
4838134